ST. PAUL, J.
 

 This is an action to enjoin the defendant from using a certain navigable canal belonging to plaintiff and his associates and constructed upon their own lands. From a judgment granting the injunction, the defendant appeals.
 

 The defense is that the canal diverts so much water from a certain natural channel as to make the latter no longer navigable as it was before the. canal was constructed, and that therefore the defendant has the right to use the canal (even though a private one), because of having been deprived of the use of the natural channel.
 

 The evidence, however, is very conflicting as to the effect of the canal upon the waters of the natural channel. According to the witnesses on the one side, the canal withdraws from the natural channel so much water as to interfere with the ordinary flow thereof; in consequence whereof the natural channel was shoaled up and is no longer
 
 *898
 
 navigable. According to the witnesses for the other side, the canal draws so little water from the natural channel as not to interfere in the least with the natural flow, and, owing to other canals dug by plaintiff, more water now flows through the natural channel than ever before; and the shoaling up of the natural channel, if any, is due simply to the fact that it is no longer used since the canal was constructed (some 10 or 15 years ago); the canal being more convenient, and its use having been freely permitted. On this testimony we are unable to say that defendant has shown, by a preponderance of testimony, either that the natural channel is no longer navigable or that (if no longer navigable) this condition is due solely to the waters being diverted by the canal.
 

 But be that as it may, we do not think this gives defendant the right to use plaintiff’s private canal. There is indeed some authority for the proposition that one who obstructs the flow of rivers or streams over their accustomed beds so as to prevent (hem from being used as formerly, apd turns them into a new channel, thereby authorizes the public to make the same use of them in the new channel as they had been accustomed to in the old. Dwinel v. Barnard, 28 Me. 554, 48 Am. Dec. 507. And of course there is ample authority for the proposition that one may be enjoined from diverting so much of the flow of navigable streams as to render them unnavigable.
 

 We think the latter is the proper course to pursue, and not the appropriation by the public or by individuals of the private property of the alleged offenders.
 

 But in our opinion, the Congress of the United States, which has plenary powers over the navigable waters of the nation, has placed the whole subject-matter of diverting the water of a navigable stream under the jurisdiction of the Secretary of War, who is far more capable of dealing with such matters than are the courts, since he can get his information at first hand and on the spot; and it is within his discretion to say how much, and under what conditions, the water of navigable streams may be diverted. See Act Cong. March 3, 1899, § 10 (33 USCA § 403). Cf. Chicago Sanitary District v. United States, 266 U. S. 405, 45 S. Ct. 176, 69 L. Ed. 352.
 

 Oh the whole, therefore, we are of opinion that defendant has not the right to use plaintiff’s canal under any circumstances, and that if he has any just cause of complaint against plaintiff the proper course to pursue is to apply for relief to the Secretary of War.
 

 Decree.
 

 The judgment appealed from is, therefore, affirmed.