LOTTINGER, Judge.
This is an appeal from a judgment granting a motion for a summary judgment and dismissing the plaintiff’s suit.
The record points out that plaintiff-appellant, Mexican Gulf Fisheries, Inc., instituted suit against the defendant-appellee, Aetna Insurance Company, under a policy of comprehensive automobile insurance. Plaintiff-appellant alleged that the policy of insurance covered a refrigeration truck which was damaged by Hurricane Betsy, and that these damages were covered by the policy. The petition prayed for physical damages as well as damages for loss of use, breach of contract, and attorney fees.
Under LSA-C.C.P. Art. 966 et seq., defendant-appellee, Aetna Insurance Company, moved for summary judgment on the basis of several breaches of the contract of insurance, namely, to-wit:
(1) No proof of loss was filed with defendant within a period of sixty days after the occurrence of the loss, as required by Condition 12(c), Page 3, Aetna Insurance Company Policy Number C-12-32-47.
(2) By endorsement dated December IS, 1964, attached to Aetna Insurance Company Policy Number C-12-32-47, in effect on the date of the alleged loss set forth in this petition, the mileage radius of the insured vehicle was limited to fifty miles from Co-den, Alabama; violation of this contractual provision appears on the face of the petition.
(3) The assistance and cooperation of the insured is required under condition 18, Page 4, Policy C-12-32-47 and this provision was breached by petitioner, the alleged insured under such policy.
(4)Payment for loss may not be required nor shall action lié against the company unless the named insured shall have fully complied with the terms of Aetna Insurance Company Policy Number C-12-32-47, nor until thirty days after proof of loss is filed, under Condition 16, Page 4, Policy Number C-12-32-47. This policy provision was also breached by petitioner, the alleged named insured.
To the motion for a summary judgment which was filed on March 15, 1967, was attached a true copy of the insurance policy. On August 16, 1967, the defendant-appellee filed a supporting affidavit. The plaintiff-appellant filed no affidavits in opposition to defendant-appellee’s motion, and judgment was rendered on December 13, 1967, and signed on January 15, 1968, granting the motion and dismissing the plaintiff’s suit. The plaintiff applied for a rehearing, which application was dismissed.
It is pointed out and alleged by plaintiff-appellant in its written brief before this court “That a proof of loss was definitely filed sixty days from the date the vehicle was lost.” This and several other allegations of fact in support of plaintiff-appellant’s argument that a genuine issue of fact does exist are found in the brief of plaintiff-appellant.
Summary judgments are governed by the following Code of Civil Procedure Articles, to-wit:
Art. 966.
“The plaintiff or defendant in the principal or any incidental action, with or without supporting affidavits, may move for a summary judgment in his favor for all or part of the relief for which he has prayed. The plaintiff’s motion may be made at any time after the answer has been filed. The defendant’s motion may be made at any time.
The motion for summary judgment shall be served at least ten days before the *143 time specified for the hearing. The adverse party may serve opposing affidavits prior to the day of the hearing. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law. As amended Acts 1966, No. 36, § 1.”
Art. 967.
“Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or by further affidavits.
When a motion for summary judgment is made and supported as provided above, an adverse party may not rest on the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided above, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be rendered against him.
If it appears from the affidavits of a party opposing the motion that for reasons stated he cannot present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.
If it appears to the satisfaction of the court at any time that any of the affidavits presented pursuant to this article are presented in bad faith or solely for the purposes of delay, the court immediately shall order the party employing them to pay to the other party the amount of the reasonable expenses which the filing of the affidavits caused him to incur, including reasonable attorney’s fees. Any offending party or attorney may be adjudged guilty of contempt. As amended Acts 1966, No. 36, § 1.”
As is pointed out in LSA-C.C.P. Art. 967, and discussed in Welsh Southern Oil Co. v. Scurlock Oil Co., 201 So.2d 376, 379 (La.App. 3rd Cir. 1967):
“The mere possibility that an opponent could raise a factual issue does not defeat a summary judgment, if the opponent does not in fact do so. As specifically provided by a 1966 Amendment to LSA-C.C.P. Art. 967, an opponent to a summary judgment ‘ * * * may not rest on the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided above, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be rendered against him.’ ”
This Court is bound by what evidence is found in the record of the cases before it, and not by the facts as alleged in written briefs or oral arguments. Nowhere in the record of this proceeding do we find any affidavits, depositions, or other similar documents in opposition to the motion for a summary judgment. In light of the affidavit filed by the defendant-appellee in support of its motion for a summary judgment, and a true copy of the insurance policy, we can find no error on the part of the Trial Judge.
Therefore, for the above and foregoing reasons, the judgment of the Trial Court is affirmed. All costs of this appeal are to be paid by plaintiff-appellant.
Judgment affirmed.