RUCHE J. MARINO, Judge Pro Tem.
Action by a pedestrian (Mrs. Sylvia Vi-cari) and her husband (James E. Norris) against the City of New Orleans in tort (slip-fall) for damages suffered by petitioner, after she alighted from a bus and subsequently fell to the neutral ground. From an adverse judgment thereof petitioner appealed.
Approximately 3 days after the ’68 Mar-di Gras, plaintiff, Mrs. Sylvia Vicari, alighted from a bus on the neutral ground of Canal Street and began her trek (either *840 running- or walking) towards the sidewalk or along the neutral ground in the direction of Royal Street. She was subsequently thrown to the ground when her foot became wedged in a hole along the outer edge of the neutral ground.
The hole in question was one of a series placed along the edge of the neutral ground to accommodate wooden posts through which rope or cable was strung to restrain the viewers of carnival parades and protect them from injury. The post holes are of permanent construction, measuring approximately 10 inches in diameter, and are capped with metal plates when not in use.
At the time of the accident the area was well lighted and all of the posts along the neutral ground were still in their upright position except for the one removed from the hole causing plaintiffs fall. It was lying on the ground some 4 to S feet away.
The well-settled jurisprudence governing the liability of public bodies for injuries caused by defects or defective conditions is succinctly stated in the case of Garrett v. Sewerage & Water Board of New Orleans, 235 So.2d 164 (La.App. 4th Cir. 1970)
It decreed that:
“The plaintiff has the burden of pleading and proving both of the following: (1) such defects or conditions were patently dangerous or in the nature of a trap; and (2) the corporation had either actual or constructive notice of the same, actual notice being knowledge of the dangerous defects or conditions by a corporate officer or employee having the duty either to keep the property involved in good repair or to report defects and dangerous conditions to the proper authorities, and constructive notice being the fact that the defect or condition had existed for such a period of time it would have been discovered and repaired if the public body had exercised reasonable care. (Cases cited therein.)” 235 So.2d 165.
The record is devoid of any evidence tending to establish that the City had either actual or constructive notice of the fact that the post had been removed and the hole uncovered which created a dangerous condition to all pedestrians in the area. Plaintiff attempted to impute actual notice to the City on the theory that the members of its police department or other City employees of the sanitation department were aware of the existence of this dangerous condition. However, there was no testimony adduced to establish by whom and when this particular post was removed, and therefore there is no basis for concluding that the City employees had or should have had actual notice of this hazard.
As the trial judge noted, the fact that all of the other posts were standing except the one apparently removed from the hole in which the plaintiff stepped, would indicate that the City had not begun the removal of this restraining barrier. This conclusion coupled with the time sequence of such close proximity with Mardi Gras would not constitute an unreasonable delay in failing to do so.
Having concluded that the plaintiff has failed to bear the burden of proof necessary to sustain that the City had either actual or constructive notice of an existing dangerous condition, under the Garrett case it is not liable for plaintiff’s injuries. We concur in the trial court’s dismissal of her suit.
In view of our determination that plaintiff has failed to establish negligence on the part of the City of New Orleans causing her injuries, no need exists for us to consider the plea of contributory negligence urged by the defendant.
For the foregoing reasons the judgment of the trial court is affirmed. All costs of this appeal are to be borne by appellant.
Affirmed.