371 So.2d 286 (1979)
Helen Albarado REINHARD
v.
CITY OF NEW ORLEANS and South Central Bell Telephone Company.
No. 9887.
Court of Appeal of Louisiana, Fourth Circuit.
April 24, 1979.
Rehearing Denied June 11, 1979.
*287 Orlando G. Bendana, Wayne H. Carlton, Jr., New Orleans, for plaintiff-appellee.
Donald A. Hoffman, City Atty., Thomas P. Anzelmo, Sr., Deputy City Atty., Barbara Treuting Casteix, Asst. City Atty., for defendant-appellant City of New Orleans.
Jones, Walker, Waechter, Poitevent, Carrere & Denegre, Claude D. Vasser, New Orleans, for defendant-appellant South Central Bell Telephone Co.
Before REDMANN, LEMMON and GARRISON, JJ.
GARRISON, Judge.
Plaintiff, a 55-year-old woman, was injured when she tripped and fell over a two-inch hole created by a difference in elevation between a South Central Bell Telephone Company manhole and the surface of the street. At the time of the accident, Mrs. Reinhard was crossing Dauphine Street in the middle of the block between two major department stores. As a result of the accident she suffered a fracture of the right femoral neck which required an open reduction surgery. She has suffered a 15% loss of function of the hip joint. The trial court found Mrs. Reinhard free of negligence and cast the City and South Central *288 Bell in judgment for the sum of $76,200.00. We affirm in part and reverse in part.
The record establishes that this manhole was placed in the street in 1898 by the predecessor of South Central Bell and there has been no maintenance or adjustments to the manhole since that time. The City of New Orleans last resurfaced the street in that block in 1961. The trial court found that the defect was caused by this "original construction."
The City has a duty to maintain its streets and sidewalks in a safe condition for use by the public. Kinard v. City of Jennings, 184 So.2d 570 (La.App. 3rd Cir. 1966); LeBlanc v. Parish of East Baton Rouge, 271 So.2d 634 (La.App. 1st Cir. 1972), writ refused, 273 So.2d 845.
The necessary steps to determine a municipality's liability were set forth in St. Paul v. Mackenroth, 246 La. 425, 165 So.2d 273 (1964):
"We must first make a determination as to whether the instant defect was dangerous or was in the nature of a trap. In White v. City of Alexandria, 216 La. 308, 43 So.2d 618, this Court found that there is no fixed rule for making such a determination; the facts and surrounding circumstances of each particular case control.
. . . . .
"In order to assess liability in a matter such as the instant one, it must be shown (1) that the unsound condition complained of was patently or obviously dangerous to a reasonably careful and ordinarily prudent person, and (2) that the municipality had notice, either actual or constructive, of the existence of the defect and failed within a reasonable time to correct it. `In other words, if the defect is slight, there can be no recovery and, even if it is patently dangerous, the municipality is not responsible unless it has had actual notice of it or unless the condition has been permitted to remain in its dangerous state for such a length of time as to warrant the conclusion that the municipality is negligent in failing to discover and correct it.' Parker v. City of New Orleans, La.App., 1 So.2d 123. See, Cobb v. Town of Winnsboro, La.App., 49 So.2d 625; Foster v. Employers Liability Assurance Corporation, Ltd., La.App., 129 So.2d 913; Bond v. City of Baton Rouge, La.App., 129 So.2d 887." 246 La. 425, 165 So.2d at 276.
"[T]here have evolved certain legal principles which are to be considered in determining the instant controversy. Thus, a municipality is not an insurer of the safety of pedestrians. It must keep the sidewalks reasonably safe, but the maintaining of them in perfect condition is not necessary. To render it liable in damages the defect complained of must be dangerous or calculated to cause injury. Defects in sidewalks that are not in the nature of traps, or from which danger cannot reasonably be anticipated, provide no actionable negligence. Such ways of passage are intended for public use, of course, and a pedestrian is entitled to assume that they are not dangerous. Further, he is not required to constantly observe the surface of the walk or to exercise the care that would be necessary in traversing a jungle. However, he cannot be completely oblivious of its condition; he must exercise ordinary care when using it, having in mind the well recognized fact that throughout every city of any size in this state there exist irregularities in the walkways brought about by natural causes such as rains, expansion, soil erosion and tree roots.
"For determining what is a dangerous defect in a sidewalk (that which renders the municipality responsible in damages to a pedestrian injured as a consequence thereof) there is no fixed rule; the facts and surrounding circumstances of each particular case control. The test usually applied, however, requires an answer to the question of whether or not the walk was maintained in a reasonable safe condition for persons exercising ordinary care and prudence." White v. City of Alexandria, 216 La. 308, 43 So.2d 618, 620 (1949).
*289 Applying these principles to the instant case, the record reflects that the defect was not visible from the side of the street from which the plaintiff was crossing. This particular part of the street was regularly used by pedestrians; indeed, the City itself would close this section off to vehicles during parades, thus subjecting it to exclusive pedestrian use. The defect existed for at least fifteen years, so the City had ample time to become aware of it, and the requirement of constructive knowledge is fulfilled. We conclude that the district court was correct in finding the City liable.
The trial court also found liability on the part of South Central Bell based on Article 2317[1] as interpreted in Loescher v. Parr, 324 So.2d 441 (La.1975). In order to have liability under 2317 the plaintiff must show:
1. That the thing which caused the injury was in the care or custody of the defendant owner;
2. That a vice or defect existed in the thing;
3. That the vice or defect caused the injury.
A vice or defect is defined as the creation of an unreasonable risk of injury to another. In the instant case the manhole did create an unreasonable risk of injury in that it was not raised to the proper level to be even with the street.
However, one exception to the Loescher doctrine occurs where the vice or defect is created by the intervention of a third party. That exception is applicable here. As South Central Bell argues, the defect here was caused by a third person (the City) because the difference in elevation was caused by the resurfacing of the street. Moreover, South Central Bell cannot be held to have had knowledge of the defect. Although there was testimony that a utility company was customarily notified when a street was resurfaced, neither the City nor South Central Bell had any record of notification in this case. Under these circumstances the City did not discharge its burden of proving that it had notified South Central Bell that the street had been resurfaced. Thus, there was no basis for imposing the duty on South Central Bell to correct a dangerous condition created by the City. Accordingly, we reverse the finding of liability on the part of South Central Bell.
Defendants-appellants argue that Mrs. Reinhard was contributorily negligent in that she was crossing the street in violation of Chapter 38 § 180 of the Municipal Code of the City of New Orleans, which prohibits pedestrians from crossing roadways at places other than crosswalks in any business district. However, this ordinance was designed to protect pedestrians from being struck by automobiles, not to protect them from the dangers of uneven manhole covers. Therefore, the violation of the ordinance was of no material consequence. Dixie Drive It Yourself System v. American Beverage Co., 242 La. 471, 137 So.2d 298 (1962); Pierre v. Allstate Ins. Co., 257 La. 471, 242 So.2d 821 (1970); Laird v. Travelers Insurance Co., 263 La. 199, 267 So.2d 714 (1972).
Overall, on the review of the record, the trial court did not commit manifest error in determining liability on the part of the City and freedom from negligence on the part of plaintiff. Its determination will not be set aside. Canter v. Koehring Co., 283 So.2d 716 (La.1973).
Plaintiff has answered this appeal seeking an increase in the award of general and special damages. It is well-settled that the trial court's determination of damages will not be disturbed, absent an abuse of discretion. Coco v. Winston Industries, 341 So.2d 332 (La.1976). There was no abuse of discretion in the award here.
For the foregoing reasons the judgment appealed from is affirmed as to the finding *290 of liability of the City of New Orleans, but reversed as to the finding of liability of South Central Bell Telephone Company.
AFFIRMED IN PART AND REVERSED IN PART.
LEMMON, J., concurs and assigns reasons.
REDMANN, J., dissents and assigns reasons.
LEMMON, Judge, concurring and assigning reasons.
The hazardous condition which caused this accident was a two-inch difference in elevation between the street surface and the manhole cover on the Maison Blanche side of the opening. Since the cover was flush with the street on the Holmes side, the depression would not readily be apparent to one crossing from the Maison Blanche side. The condition was created when the City resurfaced the street in 1961, and neither the City nor South Central Bell realigned the manhole frame after the resurfacing.
The critical determination is whether the City's failure to remedy the condition it created constituted a breach of its duty to pedestrians under the overall circumstances. The trial court succinctly analyzed the scope of the City's duty:
"Though the duty to provide for pedestrian safety is less in a street then (sic) on a sidewalk or cross-walk, there nevertheless remains some duty, especially where the City should anticipate heavy foot traffic. The duty, of course, increases in proportion to the volume of pedestrian traffic that the City should anticipate. In this instance, the defective manhole is in an area subjected to very frequent pedestrian use, lying between the side doors of two of the more popular department stores in downtown New Orleans and its presence violated the duty owed pedestrians by the City".
This area was constantly used for pedestrian traffic, and the City owed a duty to pedestrians in this area not to create a hazardous condition on the walking surface which was hidden or not readily discernible. The City is liable for damages caused by the breach of that duty.
REDMANN, Judge, dissenting.
Plaintiff's own breach of duty to take reasonable care of herself constituted contributory negligence on her part, and therefore a complete bar to her recovery. The evident overall condition of the street area where she fell, shown by the photographs in evidence, would adequately warn any reasonable person that the surface was not ideal and would therefore oblige one to protect one's self by looking at one's intended path sufficiently closely to detect the unevenness of the surface over which plaintiff tripped.
NOTES
[1] "We are responsible, not only for the damage occasioned by our act, but for that which is caused by the act of persons for whom we are answerable, or of the things which we have in our custody. This, however, is to be understood with the following modifications." La. Civ.Code, Art. 2317.