385 So.2d 1286 (1980)
SOUTHERN COUNTY MUTUAL INSURANCE COMPANY, Plaintiff-Appellant,
v.
Willard BRYANT et al., Defendants-Appellees.
No. 7648.
Court of Appeal of Louisiana, Third Circuit.
June 25, 1980.
*1287 Peters, Ward & Bright, J. Patrick Hennessy, Shreveport, for plaintiff-appellant.
Kelly, Ware & Salim, Robert L. Salim, Natchitoches, for defendants-appellees.
Before DOMENGEAUX, FORET and CUTRER, JJ.
CUTRER, Judge.
This is a suit to recover property damages sustained in an automobile accident. The Plaintiff, Southern County Mutual Insurance Company (Southern), brought suit as subrogee of its insureds, Robert and Patricia Whitehead. The defendants, Mark B. Bryant and Willard Bryant, reconvened for damages to the vehicle driven by Mark Bryant. After trial on the merits of the main and reconventional demands, the trial judge dismissed the demands of both parties. Plaintiff appeals the dismissal of the main demand. Defendants, as plaintiffs in reconvention, do not appeal. We affirm.
Only the two drivers, Patricia Whitehead and Mark Bryant, testified at the trial as to the occurrence of the accident. State Police Lt. George W. Gaskin testified regarding the authenticity of the accident report and the subsequent death of the investigating officer who made the report. The trial judge refused to allow the accident report to be admitted into evidence.
No transcript of the testimony or findings of fact, oral or written, were made. In lieu of a transcript of the testimony the counsel for plaintiff and defendants entered a stipulation for purposes of the appeal, setting forth the testimony and undisputed facts. This stipulation reflects that plaintiffs in reconvention presented no evidence of damages incurred by them.
The stipulation additionally sets forth the following facts and summary of testimony:
"The following facts are uncontroverted. The accident occurred in the afternoon of March 3, 1977. Patricia Whitehead was operating the Whitehead vehicle in a Northerly direction on U. S. Highway No. 175. Her husband and her daughter were passengers in her vehicle. At the time of the trial, her husband was working offshore and consequently he did not testify. Mrs. Whitehead was driving a 1977 Chevrolet Pickup Truck owned by the community then existing between her and her husband. The Chevrolet pickup truck was only one month old. The accident occurred as Mrs. Whitehead was going into a curve to her left or to the West and as Bryant was coming out of the curve. Mark B. Bryant was operating a vehicle which was in his father's name but was actually owned by him. The vehicle was a 1976 Chevrolet Camaro, approximately five months old with approximately 11,000 miles on it. Bryant was an 18 year old high school student at the time of the accident. It was raining on March 3, 1977, and the visibility was poor. Both Whitehead and Bryant had driven the road many times before.

"The point of impact of the Bryant vehicle and the Whitehead vehicle was the primary matter which was in dispute. Patricia Whitehead testified that as she entered the curve she observed the Bryant vehicle out of control coming towards her in her lane. Mrs. Whitehead *1288 said that the accident was unavoidable and that the point of impact was definitely in her lane of travel. Mark B. Bryant testified that he observed the Whitehead vehicle approximately 15 feet before the collision. He testified that the visibility was very bad but that he was absolutely sure that the Whitehead vehicle was in his lane when the impact occurred. He did not observe Mrs. Whitehead lose control of the vehicle. Neither Bryant nor Whitehead could estimate the speed of the other driver. After the accident, the Whitehead vehicle came to rest in the ditch on the East side of the highway and the Bryant vehicle came to rest in the ditch on the West side of the highway."
The issues on appeal are: (1) Did the trial court err in refusing to admit the accident report made by the investigating state trooper; and (2) did the trial judge commit manifest error in dismissing plaintiff's main demand.

ACCIDENT REPORT
The accident was investigated by Louisiana State Trooper Frank D. Bozeman who prepared the accident report. Unfortunately, Officer Bozeman died prior to the trial.
Plaintiff sought to introduce the accident report into evidence. On defendants' objection, the trial judge refused to admit the report.
The plaintiff contends that the trial judge erred in excluding the accident report as hearsay. The plaintiff argues that the report is admissible because (1) it is a business record; (2) it is a public record; and (3) the information is reliable and, under the circumstances, not available from another source.

I.
Plaintiff cites no Louisiana authority to support his position that a police accident report is admissible as a business record. Our research has revealed no such authority. The "business records" exception to the hearsay rule has been recognized as a jurisprudential rule following the common law concept as set forth in the case of State v. Monroe, 345 So.2d 1185 (La.1977), wherein the court stated that such hearsay exceptions exist where:
"`A permanent record made in the ordinary course of business, by a person unavailable for testimony, from personal knowledge of the facts recorded or from information furnished by one having a business duty to observe and report the facts, is admissible as proof of the facts recorded, in the absence of a strong motive to misrepresent, if the record is the first collected and recorded memorial.' (Emphasis supplied.)" (Underlined emphasis ours.)
To meet the criteria set forth above, the information in the accident report would have to be made from the personal knowledge of the officer or from information furnished to the officer by a person having a business duty to observe and report the facts. In this case, the copy of the report indicates that Officer Bozeman arrived at the scene of the accident 15 minutes after the occurrence. The report contains conclusions as to how the accident occurred, the position of the vehicles when the impact occurred and other information which could not be within the personal knowledge of the officer but was information that he obtained from the drivers or other witnesses at the scene. This information provided to the officer was not provided by persons "having a business duty to observe and report the facts" of the accident. Having not met the requirements of the business records law, the accident report is not admissible as an exception to the hearsay rule.

II.
The report is not admissible as a public record. This principle was clearly established in the case of Deville v. Aetna Insurance Company, 191 So.2d 324 (La.App. 3rd Cir. 1966), writs den., 250 La. 13, 193 So.2d 527 (1967). In Deville the court rejected the argument that a certified copy of an accident report was admissible. The court determined that the copy could not be *1289 admitted since the original was inadmissible. The court determined that the original was inadmissible stating:
"... [The report] is an out-of-court statement made by Officers Landry and Abshire, neither of whom is now in court, under oath, and available for cross-examination. This report, like many such reports, is particularly objectionable under the hearsay rule because it obviously contains conclusions and opinions of the officers formed from talking to other witnesses. This is hearsay compounded."

III.
The third argument of the plaintiff is that the information in the accident report is reliable and, under the circumstances, not available from other sources. For these reasons plaintiff contends it is admissible as an exception to the hearsay rule. Plaintiff's position is without merit.
The information provided in an accident report, largely based necessarily on important information provided by others, does not provide a circumstantial guaranty of trustworthiness required by exceptions to the hearsay rule. Persons involved in accidents and reporting what occurred would have a motive to falsify information. The circumstances do not indicate the required trustworthiness of such information.
Furthermore, the information concerning the occurrence of the accident was available from other sources. The drivers of the two vehicles were available and testified. Secondly, a passenger in the Whitehead vehicle, Mrs. Whitehead's husband, was an eyewitness but was not called to testify.
We hold that the trial court was eminently correct in its refusal to admit the accident report into evidence.

BURDEN OF PROOF
It is well settled that in a suit of this nature, the plaintiff has the burden of proving his case by a preponderance of the evidence. Jordan v. Travelers Insurance Company, 257 La. 995, 245 So.2d 151 (1971).
Since the report was properly excluded, the only evidence before the trial court was the contradictory accounts by the opposing drivers. The narrative of facts in the record prepared jointly by counsel for plaintiff and defendants does not reveal that the trial judge was clearly wrong in rejecting plaintiff's demands. No written or oral reasons were provided.
It appears that the trial judge rejected defendants' reconventional demand since no evidence of damages was presented. No appeal was taken from that dismissal.
It would further appear that the trial judge did not accept the testimony of Mrs. Whitehead as to the occurrence of the accident. This position is supported by the fact that Mrs. Whitehead's husband was not called to testify. He was a passenger in Mrs. Whitehead's vehicle when the accident occurred. This creates a presumption that the husband's testimony would have been unfavorable to Mrs. Whitehead. Morgan v. Matlack, Inc., 366 So.2d 1071 (La.App. 1st Cir. 1979), writs den., 369 So.2d 1352 (La. 1979).
The narrative of facts reflects that Mr. Whitehead was working offshore and was not present at trial. Counsel for plaintiff contends the presumption does not apply since a diligent but unsuccessful effort to secure his testimony was made and that the reason for the failure to call Mr. Whitehead was adduced at trial. The record, however, contains no evidence regarding any effort to produce the witness. The Court of Appeal is bound by what evidence is found in the record of the cases before it, and not by the facts alleged in briefs or oral arguments. Mexican Gulf Fisheries, Inc. v. Aetna Insurance Co., 220 So.2d 141 (La.App. 1st Cir. 1969).
Since the record does not explain the absence of Mr. Whitehead we must presume that the testimony would have been unfavorable, thus strengthening the reasonableness of the result reached by the trial court.
It is well settled that the factual findings of the trial court are entitled to great weight and will not be disturbed on appeal when there is a conflict in testimony and *1290 the trial court draws reasonable inferences of fact. Arceneaux v. Adams, 366 So.2d 1025 (La.App. 1st Cir. 1978).
Our review of the record does not reveal that the conclusions drawn by the trial judge are clearly wrong. We therefore will affirm the judgment.
For the reasons assigned, the judgment of the trial court is affirmed. Costs of this appeal are assessed to plaintiff-appellant.
AFFIRMED.