DOMENGEAUX, Judge.
This matter is before us on remand from the United States Supreme Court. Originally, Vermilion Corporation, plaintiff, sought injunctions prohibiting the three defendants, Norman Vaughn, Larry J. Brous-sard, and Freddie Broussard,[1] from trespassing onto privately owned and constructed navigable waterways. Finding no issues of material fact, the trial court, on plaintiff’s motion, granted summary judgment and permanently enjoined the defendants from trespassing onto lands or waterways leased by the plaintiff. We affirmed the trial court judgment, Vermilion Corporation v. Vaughn, 356 So.2d 551 (La.App. 3rd Cir. 1978),[2] over defendants’ contention that plaintiff’s system of artificial waterways diverted or destroyed nearby naturally navigable waterways. Defendants argued that this was a genuine issue of material fact because, if their contention was correct:
“. . . . the court could conclude that the system of artificial waterways was substituted for the pre-existing natural system of navigable waterways. If such a conclusion were reached, the canals would not be private and could not be privately controlled under state and federal law.”
(356 So.2d at 553).
Both the trial court and this Court rejected defendants’ contention because a Louisiana Supreme Court case, Ilhenny v. Broussard, 172 La. 895, 135 So. 669 (1931), had stated that the diversion of water from a natural channel by a private man-made waterway does not give rise to a right of the public to use the man-made waterway. Hence, we held, even if defendants proved their contention, they still did not have the right, under Ilhenny, to use the private waterways.[3]
After the Louisiana Supreme Court denied writs, 357 So.2d 558 (La.1978), the defendants applied for, and obtained a review by the United States Supreme Court (certiorari granted 440 U.S. 906, 99 S.Ct. 1211, 59 L.Ed.2d 453). Judgment was rendered by that Court on December 4, 1979. 444 U.S. 206, 100 S.Ct. 399, 62 L.Ed.2d 365 (1979).
Defendants’ petition for certiorari had set forth two questions for the Supreme Court’s review:
“. . . The first is whether if a private citizen on its privately held real property and with private funds creates a system of artificial navigable waterways in part by means of diversion or destruction of a pre-existing natural navigable waterway, does the artificially developed waterway system become part of the *700 ‘navigable waterways of the United States’ and subject to the use of all citizens of the United States. The second is whether channels built on private property and with private funds, in such a manner that they ultimately join with other navigable waterways, are similarly open to use by all citizens of the United States.”
The Supreme Court affirmed this Court’s judgment with respect to the second question presented in the petition for certiorari. However, with respect to the first question our judgment was vacated and remanded for further proceedings not inconsistent with the Supreme Court’s opinion in Kaiser Aetna v. United States, 444 U.S. 164, 100 S.Ct. 383, 62 L.Ed.2d 332 (1979),[4] decided the same day as the instant case.
The U. S. Supreme Court wrote:
“. . . The Court of Appeal, in the light of this decision [Ilhenny], held that a factual dispute between the litigants in this case was immaterial, and that summary judgment was proper as a matter of law. .
. [W]e do not think it can be said as a matter of law that if petitioners proved their factual allegations that proof would not constitute a defense under federal law to respondent’s prayer for injunctive relief in the trial court.”
On remand from the Supreme Court, defendants urge us to remand this case to the trial court to enable them to prove that the construction of the artificial waterways diverted, and thereby destroyed, pre-existing, natural, navigable waterways. Vermilion Corporation urges us to affirm the summary judgment, despite the Supreme Court decision since neither defendants’ answers nor their affidavit[5] offered in opposition to the summary judgment alleged that construction of the private waterways diverted or destroyed pre-existing, natural, navigable waterways. Therefore, plaintiff concludes, defendants have not properly raised the factual question, as required by La.C. C.P. Articles 1005 and 967.
Because of our reliance on Ilhenny and Audubon Society, supra, we did not consider the procedural issues involved the first time this case was reviewed. Since the United States Supreme Court apparently disapproved of the Ilhenny rationale, we now decide whether defendants’ contention was properly raised in the pleadings or other pre-trial proceedings.
After reviewing the record, we find that plaintiff’s position has merit and should be sustained. Nowhere in their answers or affidavit do defendants plead or allege that the creation of plaintiff’s artificial canals diverted or destroyed nearby public, navigable waterways. As expressed in their answers to plaintiff’s suits seeking permanent injunctions, the defendants’ sole defense to their alleged trespasses was that the canals were “navigable waters of the United States not subject to private ownership or dominion, but instead burdened with a paramount easement of use in favor of the public.” The essence of this argument was: plaintiff’s canals are navigable and are linked to public navigable waterways, therefore plaintiff’s canals are subject to indiscriminate public use. As we noted earlier, the Supreme Court rejected this argument.
We do not think the conclusory statement above quoted from defendant’s answers was sufficient enough to include the entirely different defense of diversion or destruction of public waterways.[6] This defense should *701 have been affirmatively pleaded, since it constituted new matter which, if proved, might have defeated plaintiff's suits for injunctive relief. La.C.C.P. Article 1005; Webster v. Rushing, 316 So.2d 111 (La. 1975). However, the new defense was not pleaded so plaintiff was not apprised that this defense, too, would have to be refuted to win a summary judgment. Consequently, plaintiff offered no affidavits tending to rebut this unpleaded defense.[7]
After plaintiff sufficiently supported its motion for summary judgment with affidavits and a deposition establishing the private construction, ownership, and use of the cánals and defendants’ trespasses thereon (the only factual issues then in dispute), defendants were obliged to set out in evidence or depositions specific facts showing that there was a genuine issue for trial. La.C.C.P. Article 967;[8] Mashburn v. Collin, 355 So.2d 879 (La.1977). Yet the defendants also failed to raise the defense or issue at this point in the proceedings, as we will demonstrate.[9]
Defendants opposed plaintiff’s well-supported motion with only this affidavit:
“As long as deponents can remember, the Humble Canal System has been used by fishermen, hunters, trappers, sportsmen, and generally anyone who wanted to use same. Broussard’s and Hazel’s Landings have been public landings and launch ramps on the Humble Canal System for years.
Prior to the development of the Humble Canal System, deponents are aware that various portions of the natural navigable waterway system in the area of Pecan Island, for example, Little Rollover Bayou and Freshwater Bayou, were actually used for purposes of transporting mail, transporting cattle, and transporting people, to and from Pecan Island on various kinds of small vessels. These natural waterways only ceased to be useable for these purposes after Humble developed its artificial waterway system.”
The first paragraph of the affidavit is not important here because it does not address the issue of navigational impairment of public waterways. Instead, it relates to the first (and only) argument raised by defendants’ answers. As the U. S. Supreme Court noted, we disposed of that argument correctly upon our first consideration of this case.
The last sentence of the second paragraph mentions that Little Rollover Bayou and Freshwater Bayou “only ceased to be useable . . . after Humble developed its artificial waterway system.” However, the affidavit never alleged nor attempted to establish a causal relationship between the construction of the artificial canal system and the demise (if true) of the commercial utility of the nearby bayous. The mere possibility that defendants could have raised the factual issue does not defeat summary judgment if, in fact, the issue was not raised. Welsh Southern Oil Co. v. *702 Scurlock Oil Co., 201 So.2d 376 (La.App. 3rd Cir. 1967); Mexican Gulf Fisheries, Inc. v. Aetna Insurance Co., 220 So.2d 141 (La.App. 1st Cir. 1969). Here, defendants did not raise the factual issue although they had ample opportunity to do so.[10]
None of the pleadings, affidavits, or the deposition on file apprised plaintiff that defendants’ trespasses were being defended on the grounds that the artificial canals diverted the waters of, and/or destroyed the navigability of, surrounding naturally navigable, public waterways. That defense, which was urged by the defendants at the trial level, to this Court, and to the United States Supreme Court, was never raised in the pre-trial proceedings. Instead, it was raised, for the first and only time, in argument on behalf of the defendants before the various courts reviewing this case. La. C.C.P. Art. 966 clearly states that summary judgment “shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.” Article 966 does not permit an issue of material fact to be raised initially by argument favoring or opposing the summary judgment. Mexican Gulf Fisheries, Inc. v. Aetna Insurance Company, supra. Finding that the documents on file in the record disclose no genuine issue of material fact, we affirm our,original judgment which approved the granting of summary judgment in plaintiff’s favor.
This disposition does not conflict with the decision rendered by the United States Supreme Court. Again, that Court’s decision apparently disapproved of our Ilhenny based conclusion that no general right of use in the public arose even if the destruction or diversion of naturally navigable waterways occurred in the process of constructing the private waterways. Our present decision disregards the Ilhenny holding, but still finds summary judgment appropriate on procedural grounds which apparently were not considered by the United States Supreme Court.
DECREE
For the above and foregoing reasons the judgment of the District Court, which permanently enjoined the defendant, Norman Vaughn, from trespassing onto lands or waterways leased by the plaintiff, Vermilion Corporation, is affirmed. All costs are to be assessed against defendant, Norman Vaughn.

AFFIRMED.

FORET, J., dissents.

. Companion cases in which Larry J. Broussard and Freddie Broussard are made defendants follow this case. All issues are discussed only in this case.

. The suits against Vaughn and the Broussards were consolidated for trial and on appeal. The Broussard cases appear at 356 So.2d 556 and 356 So.2d 557.

.We also relied upon National Audubon Society v. White, 302 So.2d 660 (La.App. 3rd Cir. 1974), writ denied 305 So.2d 542 (La.1975). But that case did not consider the problem of diversion of water from a natural channel by a private waterway.

.Kaiser spent millions of dollars developing a shallow, largely land-locked lagoon into a private commercial marina. The United States argued that when Kaiser connected its marina to a bay, it became navigable water of the United States to which the public acquired a right of use. The Supreme Court rejected this argument, and held, instead, that Kaiser enjoyed the right to exclude the public from its private marina. The Court concluded that if the United States wished to convert the private marina into a public aquatic park, it must invoke its eminent domain power and pay Kaiser just compensation for the taking.

. The three defendants all signed the same affidavit.

. The Supreme Court recognized that the arguments were completely distinguishable. The Court indicated that one was not a defense to *701 trespass (that defense advanced in the answers) whereas the other (diversion and/or destruction of public waterways) might be.

. Plaintiffs affidavits need not have negated the possibility of navigational impairment of public waterways. The law does not impose upon the plaintiff the burden of refuting possible defenses or issues before they are pleaded or are otherwise raised by the defendants.

. La.C.C.P. Article 967 reads, in part, as follows:
“Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. .
When a motion for summary judgment is made and supported as provided above, an adverse party may not rest on the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided above, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be rendered against him. (Emphasis added)

.Although we discuss defendants’ failure to raise the defense in its affidavit, we do not decide whether defendants could have properly raised the issue at this point in the proceedings since the defense had not been properly pleaded.

. Even if we could conclude that the last sentence of paragraph two raised the defense, albeit inferentially, of destruction or diversion, we would not be inclined to reverse the summary judgment because defendants’ affidavit was not made on personal knowledge, did not show affirmatively that defendants were competent to testify to the matters stated therein, and merely stated conclusions rather than specific facts showing that there was a genuine issue for trial. La.C.C.P. Articles 966 and 967; Barnes v. Sun Oil Co., 362 So.2d 761 (La.1978); Atkinson v. Allstate Insurance Company, 361 So.2d 32 (La.App. 3rd Cir. 1978); Hidalgo v. General Fire & Casualty Company, 254 So.2d 493 (La.App. 3rd Cir. 1971).