539 So.2d 1000 (1989)
Leonard ARMSTRONG
v.
CITY OF NEW ORLEANS and Sewerage and Water Board of New Orleans.
No. 88-CA-1570.
Court of Appeal of Louisiana, Fourth Circuit.
February 28, 1989.
*1001 Louis A. Gerdes, Jr., New Orleans, for plaintiff-appellee.
Harold D. Marchand, General Counsel, Sewerage & Water Bd. of New Orleans, New Orleans, for defendant-appellant.
Before SCHOTT, C.J., and KLEES and WILLIAMS, JJ.
WILLIAMS, Judge.
The Sewerage & Water Board of New Orleans appeals a judgment for damages in the amount of $1,750.00 plus $180.00 medical expenses, together with interest and costs, in favor of plaintiff, Leonard Armstrong, who drove his taxicab into a large pothole on Common Street in New Orleans. The issues before this court are 1) whether the Sewerage & Water Board had a duty to maintain the city street or remedy the pothole; 2) whether the Sewerage & Water Board had actual or constructive notice of the defect and failed to correct it within a reasonable time. We reverse.
At about 8:00 p.m. on August 3, 1983, Leonard Armstrong turned his cab onto Common from Magazine Street and encountered a large pothole. Armstrong sued the City of New Orleans and the Sewerage & Water Board for damages sustained as a result of the accident, alleging defendants were negligent in failing to maintain and correct defects in the streets, as well as "all other acts of negligence which may be revealed," all in violation of *1002 unspecified state laws and city ordinances.[1] We note plaintiff did not allege that either defendant was in care or custody of city streets, which would form a basis of strict liability under LSA-C.C. art. 2317.
At a bench trial, Armstrong testified that the cab sustained just over $400.00 damage.[2] Armstrong testified that he suffered shoulder and neck pain, for which he consulted his chiropractor, Dr. Leonard Cohen. Armstrong testified that, after the accident, he saw pieces of metal and perhaps a board in the pothole upon which was written "Sewerage and Water Board." He further testified that there was neither a light nor a barricade around the hole.
Katherine Sisk, the claims investigator for the Sewerage & Water Board since 1975, investigated the accident that is the subject of this suit. On August 9, 1983, six days after the accident, Sisk went to the location and saw an area that indicated that some work had been done and completed. Sisk testified that the Sewerage & Water Board records showed that the Sewerage & Water Board repaired a water valve in a manhole in that area on July 4, 1983. However, a Sewerage & Water Board paving report that was introduced at trial corroborates Sisk's testimony that a concrete base was placed there on July 15, 1983, and blacktop was restored to the street on July 25, 1983, nine days before the accident. Sisk testified that the Sewerage & Water Board does not ordinarily barricade potholes for which it is not responsible; however, if notified of the existence of a dangerous pothole, the Sewerage & Water Board would erect a barricade to protect the public until the proper entity could be notified and the hole repaired.
In the course of Sisk's testimony, and at the request of the trial court, counsel for plaintiff read into the record a copy of the police report. The report read, in part:
Officer observed the hole which was approximately three feet times four feet and approximately two feet deep. Two barricades laid [sic, lay] broken in the hole. People from the area advised, said the barricades had been knocked down earlier in the day by a large truck.
Said the hole could not be seen by a turning vehicle until they were upon the hole. The hole was almost completely filled with soft mud, into which the car [sic, cars] would sink when they struck it.
Sewerage & Water Board came and erected barricades upon officer's request.
Although neither counsel objected to the admissibility of the contents of the police report, we give little credence to this hearsay testimony. See Southern County Mutual Insurance Co. v. Bryant, 385 So. 2d 1286 (La.App. 3d Cir.1980).
After trial on the merits, the trial court entered judgment in favor of the plaintiff and against the Sewerage & Water Board, apparently based on negligence. The court stated in its reasons, "The court believes from the evidence that there was a hole in the street, that the lack of barricades was the fault of Sewerage & Water Board." The Sewerage & Water Board appealed.
ASSIGNMENT OF ERROR NO. 1
In its first assignment of error, defendant contends that "(t)he trial court erred in finding sufficient evidence to support the burden of proof which must be borne by the plaintiff." Defendant apparently asserts that the trial court erred in finding the Sewerage & Water Board negligent since the Sewerage & Water Board had no duty to maintain the street and there was insufficient and contradictory evidence showing that the Sewerage & Water Board was responsible for this particular pothole. We agree.
The City has a duty to maintain its streets in a safe condition for use by the public. Carr v. City of Covington, 477 So.2d 1202 (La.App. 1st Cir.1985), writ den. 481 So.2d 631 (La.1986); Reinhard v. City *1003 of New Orleans, 371 So.2d 286 (La.App. 4th Cir.1979), writ den. 374 So.2d 656 (La. 1979). The Sewerage & Water Board is statutorily charged with the construction, control, maintenance and operation of the public water, sewerage and drainage systems. LSA-R.S. 33:4071.
The plaintiff in the present case introduced no evidence that the pothole was connected to the public water, sewerage or drainage systems under the control of the Sewerage & Water Board or that the Sewerage & Water Board was responsible for the excavation (if, indeed, the pothole was part of an excavation). Review of the record shows only plaintiff's own testimony that metal strips in the hole were identified "Sewerage and Water Board." A photograph that was introduced into evidence shows the pothole, but shows nothing linking it to the Sewerage & Water Board.
Sisk testified that the Sewerage & Water Board completed its work in the area days before plaintiff's accident. Sisk testified that, in furtherance of public safety, the Sewerage & Water Board would have placed its barricade at the hole if notified, even if some other entity were responsible for repairing it.
Our review of the record leads us to conclude that the trial court was clearly wrong in finding the Sewerage & Water Board at fault based solely on plaintiff's uncorroborated testimony that metal strips labeled "Sewerage & Water Board" lay broken in the hole.
ASSIGNMENT OF ERROR NO. 2
In its second assignment of error, defendant contends the trial court erred in finding the Sewerage & Water Board at fault since there was no evidence of actual or constructive knowledge on the part of the Sewerage & Water Board that a dangerous condition existed. We agree.
Even assuming, arguendo, that the Sewerage & Water Board was responsible for maintenance or repair of the street, it is well established that a public body charged with maintenance of a street cannot be held liable for negligence absent proof that that body had actual or constructive notice of the defect and failed to repair it within a reasonable time. Rigao v. Sewerage & Water Board of New Orleans, 467 So.2d 1263 (La.App. 4th Cir.1985), writ den. 469 So.2d 988 (La.1985); Guillotte v. Department of Transportation & Development, 503 So.2d 618 (La.App. 4th Cir.1987); Reinhard v. City of New Orleans, 371 So.2d 286; Norris v. City of New Orleans, 289 So.2d 839 (La.App. 4th Cir.1974).
In the present case, the record is devoid of any evidence showing that the Sewerage & Water Board had notice, actual or constructive, of the lack of a barricade around the pothole or how long the barricade was down. In his brief, counsel for plaintiff asserts that a finding that the Sewerage & Water Board does not have an obligation to ensure nightly that lights and barricades are in place around a pothole in its custody would exculpate Sewerage & Water Board in this case. The Sewerage & Water Board did not have such a duty.
Even if the Sewerage & Water Board were charged with the maintenance and repair of the street in this case, no agency charged with road and street maintenance is required to institute a systematic inspection program. Netterville v. Parish of East Baton Rouge, 314 So.2d 397 (La.App. 1st Cir.1975), writ den. 318 So.2d 58 (La.1975). In the absence of any evidence that the Sewerage & Water Board had notice of the fallen barricade, the Sewerage & Water Board cannot be held liable for negligence even if it had custody or control of the street or that particular excavation.
Defendant argues in brief that it cannot be held strictly liable since the police report clearly established third party fault.
Plaintiff in the instant case neither alleged nor proved that the defendant had custody or control of the street or that particular excavation, which would establish liability under LSA-C.C. art. 2317.[3] *1004 Therefore, we need not consider the Sewerage & Water Board's defense of third party fault.
For the foregoing reasons, we reverse the trial court's judgment in favor of plaintiff and against the Sewerage & Water Board.
REVERSED.
NOTES
[1] In the first minutes of trial, counsel for plaintiff dismissed the City, stating, "There's no evidence the City had anything to do with this particular hole." Thus, the City is no longer a party in this suit.
[2] Plaintiff's testimony is the only evidence of the amount of damage to the vehicle.
[3] LSA-R.S. 9:2800, which provides a statutory requirement of actual or constructive notice of the defect causing the damage before a public entity can be held liable for damages caused by the condition of things in its care or custody, was not yet in effect at the time of the accident or filing of suit in the present case.