PLOTKIN, Judge.
Defendants Spencer Gonzales, Timothy Gonzales, and Henry M. Billiot Jr. appeal a trial court judgment granting a permanent injunction in favor of plaintiff Amigo Enterprises, Inc. We affirm.
Amigo Enterprises filed a petition for injunctive relief to prevent the defendants from trespassing on property owned and/or leased by Amigo. Specifically, Amigo sought to prevent the defendants from removing fences or barricades and fishing in a canal on property which Amigo had permission to use for conducting maricul-ture activity. The canal was dug in the late 1950’s by the U.S. Army Corps of Engineers to retain spoil being pumped and/or removed to form the Mississippi River Gulf Outlet. Although the Corps had a temporary servitude on the property where the canal is located during the construction of the outlet, the area was released by the Corps and reverted to the ownership of the property owners after the construction of the canal. Neither the state nor federal government has ever maintained the canal. The canal is not accessible from any other waterway. It is subject to the ebb and flow of tides only because the Corps placed a dam and culvert at one end; on the other side is a dead end. The canal is navigable in fact.
Amigo, which was leasing another tract of land from the owner of the property where a large portion of the canal is located, was given permission to use the canal in 1988, at which time a barrier was constructed to prevent use of the canal by persons other than Amigo. The defendants claim that they have been shrimping in the canal for 25 years and contest Amigo’s right to restrict the general public from using the canal. The trial court granted the preliminary restraining order, the preliminary injunction, and the permanent injunction, stating in his reasons for judgment granting the preliminary injunction as follows:
The Court is not persuaded by Defendant’s attempt to characterize the subject body of water as a public waterway under state law. According to the July 17, 1972 letter from Anthony C. Cole, Chief of the Real Estate Division of the Corps of Engineers, the U.S. and Board of Commissioners of the Port of New Orleans (Dock Board) no longer hold any property rights in the retainer canal. The Court finds that: (1) no public funds have been used for the maintenance of the canal, (2) there has been no expropriation of property, and (3) there has been no dedication for public use, whether formal, tacit or implied. The Corps of Engineers, after having relinquished all property rights, may only regulate the navigability of the canal under the Rivers and Harbors Appropriation Act of 1899, 33 USCA § 401. This regulatory authority, however, does not transform the private canal into a public canal to which the public would have a right of access. Neither does it grant individuals the unrestricted right to use a privately owned navigable canal.
The defendants have appealed, making two basic arguments: (1) that the canal is public because it was built with public funds on land over which the United States had a servitude, and (2) that the water traversing a private bed or bottom of a navigable waterway is a public thing under state law, which prohibits the plaintiff from interfering with the general public’s *1084 right to use the water for activities such as fishing.
Initially, we note that the canal in question cannot be considered a public thing under the provisions of La. C.C. art. 450, because that article refers only to “natural navigable water bodies.” Since this canal was manmade, it does not qualify under that definition.
Nevertheless, the defendants “contend that such a canal is public by virtue of its having been built with public funds on land over which the United States had a servitude;” however, they offer no authority in support of that position. Instead, they attempt to distinguish the instant case from Vermilion Corp. v. Vaughn, 356 So.2d 551 (La.App. 3d Cir.), writ denied 357 So.2d 558 (La.1978), cert. granted 440 U.S. 906, 99 S.Ct. 1211, 59 L.Ed.2d 453, affd in part, vacated in part on other grounds 444 U.S. 206, 100 S.Ct. 399, 62 L.Ed.2d 365 (1979), on the basis of the fact that the canal in question in that case was constructed and maintained with private funds. See also Ilhenny v. Broussard, 172 La. 895, 135 So. 669 (1931); National Audubon Society v. White, 302 So.2d 660 (La.App. 3d Cir.1974), writ denied 305 So.2d 542 (La.1975). The defendants then state that the instant case is analogous to Discon v. Saray Inc., 262 La. 997, 265 So.2d 765 (1972) and D'Albora v. Garcia, 144 So.2d 911 (La.App. 4th Cir.1962), in which the courts granted injunctions prohibiting the obstruction of a canal used for access to lakes, on the basis of LSA-R.S. 14:97, which prohibits obstruction of highways of commerce.
We find that the instant case is distinguishable from both Discon and D’Albora on the pivotal issue, i.e. the fact that the waterways in question' in both of those cases served as a means of access to lakes. Additionally, the canal in question in the Discon case was a dedicated right-of-way, which further distinguishes it from the instant case. Additionally, no evidence that the canal in question qualifies as a “highway of commerce,” was presented in the instant case.
On the issue of whether the water which traverses the canal in question is a public thing subject to use by the general public, the defendants cite Chaney v. State Mineral Board, 444 So.2d 105 (La.1983), in which the Louisiana Supreme Court stated that a riparian owner “may not fence or enclose the ‘land’ so as to impede the use of the flowing water.” Id. at 109. However, that case involves a possessory action and the pertinent issue is ownership of the water bottom. The passage cited by the defendants is thus inapplicable to the instant case.
We find that the instant case is, however, analogous to Brown v. Rougon, 552 So.2d 1052 (La.App. 1st Cir.1989), writ denied 559 So.2d 121 (La.1990), in which the court dismissed an action seeking recognition that a drainage canal constructed over private property with public funds was subject to public use. In that case, the defendants had signed a right-of-way deed creating a voluntary or conventional servitude by juridical act, allowing the state to build a canal on their property. The court found the property owners had retained all rights to the property except those specifically limited or conveyed in the deed. The court stated:
The use of public funds does not convey greater rights than those contracted for by the parties. To hold otherwise would allow the taking of private ownership rights without the consent of the owner and without just compensation in violation of our State and United States constitutions.
In the instant case, the property owners granted the Corps of Engineers the right to build the canal, but did not convey any rights to the public to utilize the canal for recreation or commercial purposes. Thus, the trial court decision granting the permanent injunction was correct.
For the above and foregoing reasons, the trial court judgment is affirmed.
AFFIRMED.