413 So.2d 233 (1982)
Dwanna SWAIN
v.
The SEWERAGE AND WATER BOARD OF NEW ORLEANS.
No. 12852.
Court of Appeal of Louisiana, Fourth Circuit.
April 7, 1982.
*234 John A. Gordon, Sp. Counsel, Vincent T. Lococo, Gen. Counsel, Gerard M. Victor, Senior Counsel, Sewerage and Water Bd. of New Orleans, New Orleans, for defendant-appellant.
Patrick D. McArdle, Susan Adams, New Orleans, for plaintiff-appellee.
Before SCHOTT, KLEES and WARD, JJ.
KLEES, Judge.
On April 19, 1980, Dwanna Swain, the plaintiff-appellee, stepped out of the back seat of an automobile at approximately 12:30 A.M. onto St. Ferdinand Street in New Orleans. As she took her second step she fell into an open hole in the sidewalk which turned out to be an uncovered water meter box.
After a trial on the merits the trial court entered judgment in favor of the plaintiff and against the defendant-appellant Sewerage and Water Board of New Orleans for $667 with legal interest. The trial court's reasons for judgment were as follows:
"Plaintiff alighted from an auto, took two steps and slipped into a water meter box, the cover of which was missing. She never notified the Sewerage and Water Board of her accident except by service of her petition. Her accident allegedly happened on April 19, 1980. There are pending in this Court two other lawsuits by different plaintiffs, both allegedly involving injuries in the same meter box hole.
As fast as the defendant replaces the cover, children in the neighborhood remove it. The defendant has no actual nor constructive notice of the missing cover.
The plaintiff sustained very minor injury.
The only reason why this Court grants judgment is: Jones v. City of Baton Rouge, 388 So.2d 737 [La.]"
In Jones v. City of Baton Rouge, supra, the Supreme Court held that the strict liability theory of Article 2317 of the Civil Code is available in a suit against a public body and when the suit is based on such a theory of legal fault it is unnecessary to show actual or constructive notice on the part of the public body.
Under this theory of law the plaintiff need only prove that the thing which caused the damage was in the care or custody of the defendant, that the thing had a vice or defect that is, that is occasioned an unreasonable risk of injury to another and that his injury was caused by the defect. Loescher v. Parr, 324 So.2d 441 (La.1976).
The plaintiff has obviously proven these three elements. An open meter box on a sidewalk does occasion an unreasonable risk of harm to another, the meter box was in the care and custody of the Sewerage and Water Board and the plaintiff was injured by the defect, i.e., the open meter box.
However, there are three defenses available which will defeat an action based on strict liability. The custodian can escape liability by showing that the harm was caused by the fault of the victim, by the fault of a third party or by an irresistible force. Loescher v. Parr, supra.
The facts in the present case disclose that the cover of the meter box was removed. There was evidence that the cover more probably than not was removed by children in the area. Since the defect was caused by the fault of third parties, we conclude that plaintiffs have not established *235 non-negligent liability and the Sewerage and Water Board of New Orleans is not liable under Art. 2317. We note that the trial court found that "the defendant has no actual nor constructive notice of the missing cover". Nonetheless, the record does disclose that the water meter box is only inspected on a regular basis approximately once every two months. Further, testimony also disclosed that the water meter box had an accumulation of trash in it and Mrs. Dorothy Allen who lived in the house adjacent to the water meter box testified that it was open to the public for "I would say a little over two weeks". Thus we conclude that the condition of an open water meter box in a sidewalk was obviously dangerous to a reasonably careful and ordinarily prudent person and that because of the long duration of time that this condition existed, the Sewerage and Water Board had constructive notice of the defect and failed to remedy it. See Mistich v. Matthaei, 277 So.2d 239 (La.App. 4th Cir. 1973) citing Parker v. City of New Orleans, 1 So.2d 123 (La.App.) and others.
Accordingly, the judgment of the trial court is affirmed, all costs to be paid by appellant.
AFFIRMED.