466 So.2d 720 (1985)
Diedre M. BAKER
v.
SEWERAGE AND WATER BOARD and the City of New Orleans.
No. CA-2463.
Court of Appeal of Louisiana, Fourth Circuit.
March 12, 1985.
*721 Marcia Finkelstein, Mayer Finkelstein, New Orleans, for plaintiff-appellee.
John D. Lambert, Jr., Sp. Counsel, Jacob Taranto, III, Gen. Counsel Gerard M. Victor, Gen. Counsel Mary-Elizabeth Paltron, Senior Counsel Sewerage and Water Bd., New Orleans, for defendant-appellant.
Before BARRY, WARD and WILLIAMS, JJ.
BARRY, Judge.
The defendant utility company appeals a finding of tort liability due to an uncovered water valve box.
On July 4, 1982 plaintiff walked to the front of her car and her left leg went into the box which was in the street. She claims her leg went in up to her thigh and was scratched and bled. Her suit against the City was settled and the trial court cast the Sewerage and Water Board for $500 general and $168.43 special damages.
Mrs. Katherine Sisk, a Water Board investigator, testified she met plaintiff at the scene about one month later and took photographs which show the valve box covered. A sketch shows the box cover is 8½ inches in diameter, 3 5/8 inches thick, and because of its weight is difficult to remove often requiring a special tool. That type of *722 cover is not carried in general inventory and is only removed to cut off water.
No Water Board crews had worked in the area of the accident during 1982. Mrs. Sisk said there was no report that cover was missing and no one was assigned to check the boxes on a regular basis. She stated there was no sidewalk or walkway where plaintiff parked her car. Mrs. Sisk said the Water Board has over 200,000 similar facilities in New Orleans, and a missing cover is usually reported by meter readers and grass cutters.
Plaintiff allegedly took photographs two days after the accident which show two valve boxes with the covers off. Strangely, Mrs. Sisk's photographs (a month later) show the same debris seen in plaintiff's pictures. There is no testimony as to how long the valve box was uncovered. Plaintiff testified the box was uncovered about one month after the accident.
Defendant argues plaintiff failed to prove the box was uncovered, that it did not have constructive notice the cover was removed, that plaintiff's foot could not fit into the opening, and plaintiff was contributorily negligent.
Under a theory of strict liability (not presented by plaintiff's petition but considered by the trial judge) plaintiff must prove that the thing which caused the damage was in the custody of defendant, that the thing had a defect or vice (that is, that it occasioned an unreasonable risk of harm to another) and that the injury was caused by the defect. Jones v. City of Baton Rouge, 388 So.2d 737 (La.1980); Loescher v. Parr, 324 So.2d 441 (La.1975). Relieving the Sewerage and Water Board of liability because the hole was not defendant's doing, the trial court nonetheless had found the essential elements of La.C.C. Art. 2317 strict liability in the existence of a dangerous condition that was the cause of the accident and constituted an unreasonable risk of harm. We disagree.
There was no inherent defect in the thing which caused this injury. In Jones v. City of Baton Rouge, the court found that the catch-basin cover which was properly in place but gave way beneath plaintiff was defective since the risk of falling on a presumably solid metal surface was unreasonable. Goodlow v. City of Alexandria, 407 So.2d 1305 (La.App.3rd Cir.1981), reversed the trial court's determination that the absence of a manhole cover constituted a strict liability defect. The Third Circuit considered the probability and magnitude of the riskthat vandals or thieves might remove the cover or a heavy truck might knock it offagainst the utility of the thing, the absolute necessity of the sewer system, and concluded the risk was not unreasonable. We similarly conclude that under the circumstances the risk of someone moving the 3 5/8 inch cover when weighed against the necessity of the water facilities throughout the city is not unreasonable.
The trial court relied on Swain v. Sewerage and Water Board of New Orleans, 413 So.2d 233 (La.App. 4th Cir.1982), which is distinguishable. Swain did not find the Water Board strictly liable since the fault of third parties (neighborhood children) caused the harm. No such defense is available here although the trial court so found. However, the result is the same; the Water Board is not strictly liable under C.C. Art. 2317.
More problematic is the question of negligence. Historically a municipality was held to a duty to correct a dangerous condition not caused through the negligence of its employees only if it had actual or constructive notice of the condition. Jones v. City of Baton Rouge, supra. It must be shown that the condition is dangerous to a reasonably careful and ordinarily prudent person and the agency had notice but failed to remedy it within a reasonable time. Reinhard v. City of New Orleans, 371 So.2d 286 (La.App. 4th Cir.1979), writ denied 374 So.2d 656 (La.1979). The trial court concluded under these circumstances and because there was no periodic inspection the Water Board had constructive notice.
*723 The trial court again relied on Swain which held the Water Board had constructive notice after considering the meter box had been inspected approximately every two months; trash accumulated in the box; and the testimony of a woman (whose house was adjacent to the box) that it had been uncovered for over two weeks. Swain still doesn't apply here because there is no evidence to show how or when the cover was removed.
Only plaintiff testified the box was uncovered. There was no testimony (and it would be immaterial) to substantiate plaintiff's claim that the hole was uncovered for about a month after the accident. There is no proof that the cover was off before the alleged accident. When the Water Board investigated one month later the heavy cover was in place. Defendant has no burden to show that it conducted periodic inspections. Rather, plaintiff must prove the Water Board had constructive notice and did not remedy the situation.
Plaintiff failed to prove the water valve box had been open for a "long duration of time...." Swain v. Sewerage Board of New Orleans, supra at p. 235.
The district court judgment is reversed.
REVERSED.