467 So.2d 1263 (1985)
Sergio RIGAO
v.
SEWERAGE AND WATER BOARD OF NEW ORLEANS.
No. CA 2405.
Court of Appeal of Louisiana, Fourth Circuit.
April 9, 1985.
Writ Denied May 31, 1985.
*1264 James Maher III, New Orleans, for plaintiff-appellee.
Mary-Elizabeth Paltron, John D. Lambert, Jr., Jacob Taranto, III, Gerard M. Victor, New Orleans, for defendant-appellant.
Before GULOTTA, SCHOTT, GARRISON, LOBRANO and WILLIAMS, JJ.
SCHOTT, Judge.
Plaintiff was injured when he stepped into an uncovered Sewerage & Water Board (S & WB) meter box on a New Orleans sidewalk on the night of February 20, 1983. S & WB appeals from a judgment in his favor. The issues are whether or not S & WB was strictly liable for the condition which caused plaintiff's injury and whether there is sufficient evidence of negligence on the part of S & WB.
The cover for the meter box was missing, and there is no evidence to suggest why or how long this condition existed. The most plausible explanation is that it was removed by a child or a thief or a prankster. There was no lock on the cover, and it was removable with a screw driver or other such instrument. There is no evidence of contributory negligence or victim fault on plaintiff's part.
The trial judge ultimately decided that S & WB was strictly liable to plaintiff under LSA-C.C. Art. 2317. He reasoned that the missing cover constituted an unreasonable risk of harm, and he rejected S & WB's defense that the accident was caused by the fault of others, i.e. someone removed the cover.
In Goodlow v. City of Alexandria, 407 So.2d 1305 (La.App. 3rd Cir.1981) the court declined to hold the city strictly liable to plaintiff who was injured when he lost control of his automobile after it struck an open manhole. The court reasoned that the risk of harm from the removal of the manhole cover by vandals or thieves was outweighed by the utility of the manhole and its cover in connection with the operation and maintenance of the sewer system.
In Jones v. Sewerage & Water Bd. of New Orleans, 430 So.2d 1063 (La.App. 4th Cir.1983) we concluded that S & WB was strictly liable to a pedestrian who stepped into an open drain clean out whose cover had been presumably removed by a prankster. However, we distinguished the case from Goodlow on the basis that the particular drain cleanout in Jones was no longer operative and was useless. Thus its easy removability constituted a defect which created an unreasonable risk of harm.
In the instant case the Goodlow result, and not that of Jones, should obtain. The easy removability of this meter cover constituted *1265 a defect, but the question is whether the risk of harm created by the possibility of a vandal or thief removing it is unreasonable, when balanced against its utility. Meter readers must read a vast number of meters in a day. Easy access to the meters is a necessity to insure efficiency. The suggestion that they can be locked or bolted hardly seems practical. The application of strict liability in this case is not consistent with the discussion of the unreasonable risk of harm criterion found in Entrevia v. Hood, 427 So.2d 1146 (La.1983) at page 1149.
Neither do the facts of this case support liability on the basis of negligence. There is no evidence whatsoever that S & WB had actual or constructive knowledge of the missing cover. The argument is made that the cover must have been missing for a long time since S & WB reads the meter every two months, but this logic is obviously flawed. There is no reason to suppose that this cover had to be missing more than a few minutes before the accident occurred. We were able to reach an opposite result in Swain v. Sewerage & Water Bd. of New Orleans, 413 So.2d 233 (La.App. 4th Cir.1982) because there was an accumulation of trash in the open meter box and a neighbor testified that the cover had been missing for over two weeks. There is no such evidence in this case.
Accordingly, the judgment appealed from is reversed and set aside. There is judgment in favor of defendant, Sewerage and Water Board of New Orleans, and against plaintiff, Sergio Rigao, dismissing his suit at his cost.
REVERSED AND RENDERED.
LOBRANO, J., concurs, assigning reasons.
GULOTTA, J., joined by GARRISON, J., dissents, assigning reasons.
LOBRANO, Judge, concurring.
I respectfully concur in the reversal of this case. However, I disagree with the conclusion of the majority that an "easily removable meter cover" is a defect. I prefer the reasoning of Baker v. Sewerage & Water Board, 466 So.2d 720 (La.App. 4th Cir.1985). There is no inherent defect in a missing meter cover, and therefore Article 2317 should not apply. Loescher v. Parr, 324 So.2d 441 (La.1975) and Jones v. City of Baton Rouge, 388 So.2d 737 (La.1980) both deal with objects that were defective. I disagree with this Court's reasoning in Jones v. Sewerage & Water Board, 430 So.2d 1063 (La.App. 4th Cir.1983) to the extent it classified a missing cover as a defect within the meaning of Article 2317.
I agree with the majority that the facts of this case do not support liability on the basis of negligence.
GULOTTA, Judge, respectfully dissenting.
The resolution of the question of the Sewerage and Water Board's liability rests in a policy determination. The question is whether strict liability is applicable in removal of water meter cover or water conduit cover cases based on a conclusion that an unreasonable risk of harm exists when balanced against the utility of the water system. In Baker v. Sewerage & Water Board, 466 So.2d 720 (La.App. 4th Cir. 1985), we held that it was not. On the other hand, in Swain v. Sewerage & Water Board of New Orleans, 413 So.2d 233 (La. App. 4th Cir.1982) this court held that an open meter box "does occasion an unreasonable risk of harm to another", although strict liability did not ultimately apply in that case where more probably than not the cover had been removed by children in the area. The court, in Swain, further held, however, that the Sewerage & Water Board was liable because it had constructive notice of the defect and failed to remedy it. The evidence in Swain was that the water meter box had been inspected approximately once every two months. In the instant case, not unlike Swain, a two-month interval existed between inspections.
I subscribe to the conclusion reached in Baker that the removal of a cover is not, per se, an unreasonable risk of harm (when *1266 balanced against the utility of a public water system) where there exists the possibility of removal by pranksters. On the other hand, I subscribe to the conclusion reached by the panel of this court in Swain, supra, that a two-month interval between inspections was of such a long duration that the S & WB had constructive notice.
A common strain of evidence running through all of these cases is that it is more probable than not that the cover was removed by pranksters or children. There are no locks on the covers. The feasibility or nonfeasibility of installation of locks is an engineering question not addressed in these cases. However, in the absence of the installation of a locking device, it appears that a greater degree of care is required for more frequent inspections by Sewerage & Water Board personnel.
Based on concepts of constructive notice and failure to remedy as applied in Swain, I would affirm the judgment of the trial court.
GARRISON, J., dissents for the reasons assigned by GULOTTA, J.