501 So.2d 826 (1986)
Jeffery JACKSON
v.
SEWERAGE AND WATER BOARD OF NEW ORLEANS and the City of New Orleans.
No. CA-5649.
Court of Appeal of Louisiana, Fourth Circuit.
December 22, 1986.
*827 Robert T. Hughes, New Orleans, for plaintiff-appellant Jeffery Jackson.
Kathy L. Torregano, Asst. City Atty., Okla Jones, II, City Atty, Don Hernandez, Chief Deputy City Atty., Elmer G. Gibbons, III, Deputy City Atty., New Orleans, for defendants-appellees City of New Orleans.
Gerald M. Victor, New Orleans, for defendants-appellees Sewerage and Water Bd. of New Orleans.
Before SCHOTT, GARRISON and KLEES, JJ.
KLEES, Judge.
Plaintiff appeals the trial court's granting of a directed verdict. We affirm.
Plaintiff sued the City of New Orleans and the New Orleans Sewerage and Water Board alleging their liability for injuries he received when he stepped into an uncovered water meter box set in the ground in front of his home. The incident occurred on November 27, 1984 as plaintiff was getting out of a friend's car at about 8:30 p.m. The box was located in the grassy area between the sidewalk and the curb of the street. Plaintiff's suit alleged negligence on the part of defendants in allowing the hole to remain uncovered and in failing to warn of the danger.
The case was tried on September 30, 1985, and plaintiff was the sole witness. At the conclusion of his testimony, the defendants moved for a directed verdict on the grounds that plaintiff had failed to establish a case of negligence against them as a matter of law. See La.Code Civ.Pro. art. 1672 (formerly art. 1810). The trial judge granted the motion and dismissed plaintiff's case.
In Sevin v. Shape Spa for Health & Beauty Inc., 384 So.2d 1011 (La.App. 4th Cir.1980), we held that when considering a motion for a directed verdict in a non-jury trial, the trial judge should make his decision according to a simple preponderance of the evidence standard. If the trial judge grants a directed verdict, his decision cannot be overturned by the appellate court absent a showing of manifest error. Tran v. Comet Constr. Co. Inc., 450 So.2d 728 (La.App. 4th Cir.1984).
Applying this standard of review, we find no manifest error in the trial judge's decision to grant a directed verdict in this case. In rendering his judgment, the trial judge relied upon the recent decisions of this court in Rigao v. Sewerage and Water Board of New Orleans, 467 So.2d 1263 (La.App. 4th Cir.1985), writ refused 469 So.2d 988 and Baker v. Sewerage and Water Board of New Orleans, 466 So.2d 720 (La.App. 4th Cir.1985), two cases in which plaintiffs also sued for injuries sustained as a result of stepping into uncovered water meter boxes. In those cases, we held that a water meter box with a missing cover does not present an unreasonable risk of harm such as is necessary to trigger strict liability under Civil Code article 2317. See Baker, supra at 722; Rigao, supra at 1265. Therefore, in order to recover for such an injury, plaintiff must prove negligence under article 2315. Under this negligence theory, defendants are not liable unless it is shown that they had actual or constructive notice of the dangerous condition and failed to remedy it within a reasonable time. Baker, supra, at 722-23; Rigao, supra at 1265.
In the instant case, the issue before the trial judge was whether defendants had constructive notice of the condition created by the missing water meter cover. In Swain v. Sewerage & Water Board of New Orleans, 413 So.2d 233 (La.App. 4th Cir. 1982), which also involved an uncovered meter box, we found that the plaintiff had proved constructive notice by showing that the cover had been missing for a "long duration of time," i.e., a little over two *828 weeks. 413 So.2d at 235. In other cases, however, where the plaintiffs have been unable to show how long the meter covers had been missing, we have found no liability. See: Baker, supra; Rigao, supra. In the instant case, the only evidence presented to show the length of time that the meter box had been uncovered was plaintiff's testimony that the hole had "trash, cigarette packs and things like that" in it, as well as grass growing down into it. Plaintiff testified that although he did not look into the hole on the night he fell, he observed these things the next morning when his attorney came by to take pictures of it. The photographs taken by plaintiff's counsel on the day after the incident were also introduced into evidence.
After reviewing the testimony and the photographs, we find that the trial judge was correct in holding that plaintiff had failed to establish a case in negligence. The photographs do not support plaintiff's testimony about the contents of the hole; rather, they contradict it. In the pictures, the meter box contains only a few leaves, no trash. There is grass growing around the rim of the meter box, but not down into the hole, and the metering device at the bottom of the box is clearly visible unobstructed by any debris. Moreover, even if the photographic evidence had supported plaintiff's testimony, such testimony would be insufficient to establish constructive notice according to the standards we have set forth in prior cases. In Baker, supra, we indicated that in order to show constructive notice, the plaintiff must produce "evidence to show how or when the [meter] cover was removed." 466 So.2d at 723. In Swain, supra, this burden was satisfied by evidence that there was an accumulation of trash in the hole combined with the testimony of a woman whose house was adjacent to the meter box that it had been uncovered for a little over two weeks. 413 So.2d at 235. No such evidence was presented in this case. Considering of the evidence, the directed verdict was properly granted.
Accordingly, we affirm the trial court's judgment dismissing plaintiff's action.
AFFIRMED.