623 So.2d 701 (1993)
Philip FORTUNE
v.
CITY OF NEW ORLEANS.
No. 93-CA-0448.
Court of Appeal of Louisiana, Fourth Circuit.
August 19, 1993.
*702 Louis A. Gerdes, Jr., New Orleans, for Phillip Fortune.
August J. Lanasa, Asst. City Atty., New Orleans, for the City of New Orleans.
LOBRANO, WARD and ARMSTRONG, JJ.
WARD, Judge.
The appellant, Philip Fortune, maintains that he stepped into a hole in a city sidewalk in the 2300 block of Desire Street in the early morning hours of October 30, 1990 while running to catch a bus. Appellant received severe ankle injuries necessitating several surgeries which left him with a permanent disability as a result of his fused ankle.
Fortune filed suit against the City of New Orleans alleging that its failure to maintain and repair the city sidewalks or to post warning signs or barricades caused his injuries and that the City was strictly liable.
After a trial, the lower court rendered judgment in favor of the city finding that Fortune failed to prove that the city had actual or constructive knowledge of the condition of the sidewalk and that the testimony offered by the appellant to prove his case was not credible.
Appellant bases his claims on the provisions of Civil Code Article 2317 which provides that individuals are responsible for the damages caused by persons or things which *703 are in their custody or control. Article 2317 provides the basis for recovery under a theory of strict liability.
In order to prove a claim of strict liability under Article 2317 on the part of a municipality, such as the city of New Orleans, the injured party must prove that (1) a defect posing an unreasonable risk of harm to persons exercising ordinary care, (2) which was in the custody of the defendant, (3) caused his injuries. Thumfart v. Lombard, 613 So.2d 286 (La.App. 4th Cir.1993) citing Sistler v. Liberty Mutual Insurance Company, 558 So.2d 1106 (La.1990).
That the city had custody of the sidewalk is undisputed. The other issues are whether the hole in the sidewalk constituted an unreasonably dangerous defect and whether it was the cause of appellant's injuries.
Because the city is a public entity, La.R.S. 9:2800 is also applicable. The enactment of La.R.S. 9:2800 in 1985, added a notice requirement to the list of factors that must be proven in order to recover against a political subdivision under LSA-C.C. Art. 2317. This statute provides that a public entity cannot be held liable for the damages caused by the condition of things in its care and custody unless the public entity has actual or constructive notice of the defect prior to the occurrence and had time to remedy the defect but failed to do so.
In an effort to provide evidence that the alleged defect constituted an unreasonable risk of harm, the appellant testified that the hole was about two and one-half to three feet wide or about the size of an entire square in the sidewalk (Tr. pp. 14, 55); the hole varied between 12 and 18 inches deep and it contained several pieces of broken concrete (Tr. p. 14); that the accident occurred about 1:30 A.M. (Tr. pp. 46-47, p. 50); that it was dark outside (Tr. p. 46, pp. 49-50); the street lamp did not illuminate the area where the hole was located (Tr. pp. 49-50, 56); that a truck was parked in the driveway in front of the hole making it difficult to see the hole (Tr. p. 57); and that he did not see the hole prior to his fall (Tr. p. 56). The appellant also admitted that he was rushing to catch a city bus and was looking toward the bus stop when he fell (Tr. pp. 46-47, p. 50). According to appellant, no one saw him fall but he mentioned the fall to one of the bus passengers (Tr. pp. 51-52). Fortune also testified that his mother drove him to Charity Hospital. The emergency room records indicate that appellant was seen by the staff at 5:58 A.M.
Appellant offered the testimony of Patricia Walter, a resident of 2300 Desire Street, ostensibly to prove that the city had constructive notice by virtue of the nearly five year time period that the hole had been in existence. However, Ms. Walter, when questioned by defendant's attorney, also testified that she and other persons had witnessed the accident and that it had occurred during daylight hours. This was a direct contradiction of the testimony offered by Fortune.
The time of day of the accident is clearly relevant in determining whether the hole posed an unreasonable risk of injury. The Thumfart court held that an uncovered hole in a "somewhat dark" area of a parking lot posed an unreasonable risk of injury to persons exercising ordinary care, and thus was a defect for purposes of the strict liability provisions of Article 2317.
The trial court apparently chose to believe the testimony of Ms. Walters rather than that of the appellant. Although an appeals court could view the same evidence and come to a different conclusion, where issues of credibility are involved, we will give great deference to the findings of the trier of fact. Rosell v. Esco, 549 So.2d 840 (La.1989); Lirette v. State Farm Insurance Co., 563 So.2d 850 (La.1990). Where there is a conflict in testimony, the trial court is in the best position to view the demeanor and mannerisms of witnesses including inflections or hesitations in their voice or manner of speaking. Thus we will defer to the lower court on the issue of the appellant's testimony.
If appellant is to prevail in his claim under the strict liability theory, he has the additional requirement of proving that the city had actual or constructive notice of the existence of the hole in the sidewalk.
Actual notice is defined as knowledge of the dangerous defect or conditions by a corporate officer or employee of the public *704 entity having a duty either to keep the property involved in good repair or to report dangerous conditions to the proper authorities. Fragala v. City of Rayville, 557 So.2d 1118 (La.App.2d Cir.1990).
Fortune argues that the city had either actual or constructive knowledge of the dangerous condition of the sidewalk, claiming first there was actual knowledge through the meter readers for the city's Sewerage and Water Board. Appellant requested that the court take judicial notice of the fact that in the performance of their job duties, these meter readers walk both sides of the city's streets once per month, that these readers must have certainly seen this defect, and that this knowledge is imputed to the city. The trial court was not satisfied that appellant proved actual knowledge, and we agree with this conclusion.
Nor are we satisfied there was constructive notice. Constructive notice means the existence of facts which infer actual knowledge. La.R.S. 9:2800(C). The burden is on the plaintiff to demonstrate that such notice existed at the time of the alleged incident. Unless there is proof that the defect existed for a long time or that the appropriate person has knowledge of the defect, the city cannot be held liable for injuries sustained by a plaintiff. Jackson v. Sewerage & Water Board of New Orleans, 501 So.2d 826 (La.App. 4th Cir.1986); LeBlanc v. City of New Orleans, 573 So.2d 1274 (La. App. 4th Cir.1991). The city presented testimony from a supervisor in the complaints section of the Department of Streets who testified from her files that the department had not received a complaint regarding a hole in the sidewalk in the 2300 block of Desire Street.
Based upon all of the evidence presented, the lower court could have properly concluded that the appellant did not prove that the city had actual or constructive notice of the defect thus finding that the plaintiff had failed to prove his case. We therefore affirm the ruling of the lower court.
AFFIRMED.