JiCOOKS, Judge.
In this tort action, Joseph Biagas seeks to recover damages for injuries allegedly sustained when he slipped and fell on a sidewalk located in Eunice, Louisiana. The matter was tried with the City of Eunice as the lone defendant. Although finding the sidewalk in question was defective, the trial court concluded it did not present an unreasonable risk of harm. Plaintiffs’ suit was dismissed, and this appeal followed. For reasons articulated below, we affirm.
FACTS
Joseph Biagas was employed by the United States Postal Service and worked as a mail carrier in Eunice. On December 28, 1993, a rainy day, Biagas was performing his duties as a mail carrier when he slipped and fell as he approached a ^section of sidewalk fronting 610 South 2nd Street. Todd Ortego was the owner of the property at 610 South 2nd Street. The sidewalk at this location is buckled and partially collapsed, consequences from erosion of the supporting ground soil. Also, two sections of the sidewalk sloped downward, resulting in a low area. At the time of the accident, the sidewalk had a puddle of water, which covered an accumulation of mud and debris that collected in the low area. The two upper portions of the sidewalk were elevated and developed what the trial court referred to as a “lip.” Testimony established the “lip” extended up approximately one to one and a half inches.
Mr. Biagas testified he caught the heel of his left foot on the “lip,” and simultaneously lost the grip of his right foot because slime was present on the submerged concrete, which caused him to fall in a seated position. Despite the fall, Mr. Biagas completed his route, and returned home. The accident was unwitnessed. Mr. Biagas did not report the accident to his supervisor that day, even though postal carriers are instructed to report on the job accidents immediately.
Biagas and his wife, Helen, filed suit individually and on behalf of their grandchild against the City of Eunice and Todd Ortego and their respective insurers for damages as a result of the alleged slip and fall. The City of Eunice answered denying all liability and alleging the fault of plaintiff. The city also reconvened against Ortego and his insurer. Ortego and State Farm filed a motion for summary judgment which was granted. The City of Eunice remained as the sole defendant. The trial court rendered judgment against Biagas, dismissing his claim. In written reasons for judgment, the trial court found:
1. The testimony of the plaintiff, while it may contain some inaccuracies and inconsistencies, is basically the testimony of an honest, hardworking, forthright individual who has indeed sustained severe injuries, which were either caused or aggravated by the accident of December 28,1993.
2. The sidewalk in question at the location of the ^accident was defective in that it did contain a lip of something between one and one and a half inches in height with a slope, which ended with a slippery surface occasioned by the wet weather and the accumulation of dirt, etc.
3. The sidewalk in question is owned and under the garde of the City of Eunice, and the City of Eunice knew or certainly had notice of the particular vice or defect.
4. There are many miles of sidewalks belonging to the City of Eunice within its municipal boundaries, which contain any number of imperfections and/or defects.
5. The defect complained of was in fact a cause and/or aggravating factor of the plaintiffs injuries.
Despite the above findings and citing Boyle v. Bd. of Supervisors, 96-1158 (La.1/14/97); 685 So.2d 1080, the trial court held the sidewalk, although defective, did not present an unreasonable risk of harm.
*493 ANALYSIS
As noted the trial court accepted as credible Biagas’ testimony that he suffered injuries as a result of the accident. The court dismissed Biagas’ case only because it concluded the sidewalk in question did not present an unreasonable risk of harm. While defendant contests on appeal the trial court’s finding that an accident occurred and the extent of any injuries suffered by Biagas, our holding that the trial court properly dismissed plaintiffs’ claims renders these contentions moot.
The trial court’s conclusion that the sidewalk did not present an unreasonable risk of harm is subject to the manifest error standard of review as enunciated in Stobart v. State, Through DOTD, 617 So.2d 880 (La.1993). See, Reed v. Wal-Mart Stores, Inc., 97-1174 (La.3/4/98), 708 So.2d 362; McCarthy v. First Fin. Ins., 30,015 (La.App. 2 Cir.12/10/97), 705 So.2d 1137. As such, to reverse the trial judge in his finding of fact, we must both find, after review of the record in its entirety, that there is no factual basis for his finding, and that the finding is clearly wrong or | .¡manifestly erroneous. The issue is not whether the jury or judge is right or wrong; it is whether the conclusion was reasonable. Stobart, 617 So.2d 880.
In determining whether a defect presents an unreasonable risk of harm, the trier of fact must balance the gravity and risk of harm against the individual and societal rights and obligations, the social utility, and the cost and feasibility of repair. Boyle, 685 So.2d 1080; Entrevia v. Hood, 427 So.2d 1146, 1149 (La.1983).
Plaintiffs’ claims against the City of Eunice for damages allegedly resulting from a vice or defect in the sidewalk are rooted in Louisiana Civil Code article 2317 which states:
We are responsible, not only for the damage occasioned by our own act, but for that which is caused by the act of persons for whom we are answerable, or of the things which we have in our custody....
The strict liability imposed by article 2317 requires that a plaintiff prove the vice or defect of the thing is a condition which poses an unreasonable risk of harm to others. A determination of whether a thing presents an unreasonable risk of harm should be made in light of all relevant moral, economic, and social considerations. Entrevia, 427 So.2d 1146; Langlois v. Allied Chem. Corp., 258 La. 1067, 249 So.2d 133 (La.1971). Simply put, the trier of fact must decide whether the social value and utility of the hazard outweigh, and thus justify, its potential harm to others. W. Page Keeton, Et AL, Prosser and Keeton on the Law of Torts, § 31 (5th ed.1984).
Courts have consistently held state entities are not liable for every irregularity in a street or sidewalk. Reed v. Wal-Mart Stores, Inc., 708 So.2d 362; Boyle v. Board of Supervisors, 685 So.2d 1080; Fortune v. City of New Orleans, 623 So.2d 701, (La.App. 4 Cir.), writ denied, 629 So.2d 1126 (La.1993).
In Boyle, the lower courts found a ½ to 1 inch height variance in a sidewalk joint on the Louisiana State University campus was an unreasonably Rdangerous defect. The lower courts, however, failed to apply a risk-utility analysis in arriving at that conclusion. The supreme court, after applying a risk-utility analysis, found manifest error and reversed. In doing so, the court weighed the risk of the “relatively small depression” in the sidewalk joint against the sidewalk’s social utility, including the cost of repair. Along with the size of the defect, the court also considered as a factor the accident history of the alleged defect. The depression was located in a high traffic area and the plaintiffs fall was the first reported. After pointing out the clear usefulness of sidewalks, the court then found it would be unreasonable to expect the defendant to maintain all of its sidewalks (more than 22 miles) in such a perfect condition as to avoid the complained-of defect. After weighing the substantial utility, including cost of repair, against the minimal risk of the relatively small depression, the court held it was not an unreasonably dangerous defect and that it was manifest error to so find.
The supreme court in White v. City of Alexandria, 216 La. 308, 43 So.2d 618 (1949) reversed the lower courts and held a slab of *494 sidewalk which was one-half an inch to two inches lower than the contiguous slabs did not present an unreasonable risk of harm to a plaintiff who was walking along the sidewalk and tripped on the irregularity. In so holding, the Court stated:
[A] municipality is not an insurer of the safety of pedestrians. It must keep the sidewalks reasonably safe, but the maintaining of them in perfect condition is not necessary. To render it liable in damages the defect complained of must be dangerous or calculated to cause injury....
For determining what is a dangerous defect in a sidewalk ... there is no fixed rule; the facts and surrounding circumstances of each particular case control. The test usually applied, however, requires an answer to the question of whether or not the walk was maintained in a reasonable (sic) safe condition for persons exercising ordinary care and prudence.
In Reed v. Wal-Mart Stores, Inc., 708 So.2d 362, the supreme court discussed the inevitability of imperfections in sidewalks:
It is common for the surfaces of streets, sidewalks, and parking lots to be irregular. It is not the duty of the party having garde of the same to eliminate all variations in elevations existing along the countless cracks, seams, joints, and curbs. These surfaces are not required to be smooth and lacking in deviations, and indeed, such a requirement would be impossible to meet. Rather, a party may only be held liable for those defects which present an unreasonable risk of harm. The issue in this case is the proper standard of reviewing, and what is encompassed within, a finding that a defect presents an unreasonable risk of harm.
In the present case, the record revealed Mr. Biagas was familiar with the sidewalk in question. By his own admission he traversed the sidewalk on his mail route at least ten times; though the record suggests he traveled this mail route more often than he was willing to acknowledge. In any event, plaintiff was not unfamiliar with the existence of the alleged defect in the sidewalk. We also note plaintiff chose to step into the puddle of water in the collapsed section of the sidewalk, rather than step in the grass area just to the right or left.
The record does not contain any evidence establishing that any prior accidents occurred at this site or any complaints were lodged concerning this particular area of the city’s sidewalk. The supervisor of the area post office, Gerald Young, also testified no complaints were made to him by postal carriers regarding this section of sidewalk, despite the fact that postal carriers traverse this section of sidewalk six times a week.
The cost of repairing the defect is also an important consideration. While the cost to remedy this particular defect may be minimal, the cost to eliminate all such defects on the sidewalks of the City of Eunice would be staggering.
Considering all of these factors, we conclude the trial court did not err in finding the sidewalk where the accident occurred did not present an unreasonable risk|7of harm.
DECREE
For the foregoing reasons, the judgment of the trial court is affirmed. All costs of this appeal are assessed against plaintiffs-appellants.
AFFIRMED.