| ,YELVERTON, J.
A jury found the Louisiana Department of Transportation and Development (DOTD) 100% at fault in allowing the continuation of an unreasonably dangerous condition on a sidewalk within the State’s right-of-way in the City of Opelousas. The jury found that Leona Dicapo was injured and her husband suffered a loss of consortium as a result of Leona’s fall on a defective area in the sidewalk. The DOTD appealed the finding of liability. We affirm.
|2Of the three assignments of error, we will first discuss the unreasonably dangerous nature of the defect. Several witnesses familiar with the sidewalk testified that there was a break or separation across the sidewalk that caused an unevenness of two and one-fourth inches. The break was hard to see walking along the sidewalk, but it was readily visible in relief viewed from the side of the walk. It had been there for years and had an accident history; a number of people testified they had tripped on it. The State’s inspection and maintenance log from January to the end of May 1996, when the accident happened, was placed in evidence by stipulation. It showed that the State had inspected the highway numerous times in the months before this accident. The inspections were performed while driving on the highway, and the difference in elevation of the sidewalk could readily be seen from that perspective. The State had notice of the condition. Leona tripped on the raised portion, fell, and broke her wrist one day in 1996 as she and others were present for the passing of the Olympic Torch. Only lay testimony was offered with regard to the condition. The testimony was unanimous and undisputed that the condition was unreasonably dangerous. This finding is subject to the manifest error standard of re-view. Biagas v. City of Eunice, 98-108 (La.App. 3 Cir. 10/21/98); 721 So.2d 491. The risk-utility balancing tests weigh in Leona’s favor. Boyle v. Board of Sup’rs, 96C1158 (La.1/14/97); 685 So.2d 1080. We affirm this finding of fact.
Nor is there any substance in the State’s second argument that Leona was herself at fault in some degree. She was from out of town, unfamiliar with the area, and at the time of her fall, she was watching where she was walking. She simply could not see the difference in elevation from her vantage point.
LThe DOTD’s third contention on this appeal is that the City of Opelousas had the garde of the sidewalk. The DOTD maintains that the trial judge erroneously refused to instruct the jury that they should take into account the involvement of the City of Opelousas and allocate its fault, if any.
*935 Louisiana Civil Code Article 2328(A) requires determination of the fault of all persons causing or contributing to the injury. Louisiana Code Civil Procedure Article 1812(C)(2)(a) requires that there be submitted to the jury, if requested, a written question inquiring into the fault of another party or non-party. This mandate, however, is tempered by the limitation that the inquiry as to fault be made only “[i]f appropriate under the facts adduced at trial....” The trial judge decided it was not appropriate under the facts adduced at trial that a question about the City’s fault be submitted to the jury. The State objected to the failure to submit the question. That is the main issue on appeal.
We find no error in the trial court’s evaluation of the facts adduced at trial. It was stipulated by the parties that the sidewalk was in the State’s right-of-way on U.S. Highway 190. An additional stipulation allowed into evidence old Department of Highways plans, maps, and correspondence regarding paving from about the year 1928. This and other testimony showed that the sidewalk was not only in the right-of-way of the State highway but that it had been built by the State in the year 1928. The sidewalk was simply part of the highway. It was further stipulated that the State owned the right-of-way. Aside from these stipulations, the only other evidence involving the duty of maintenance were directives published by the DOTD and its predecessor Department of Highways. Although Irvin Lee Deranger, a ^maintenance engineer for the DOTD, and James Hunt, general foreman of the street department of the City of Opelou-sas, both testified, neither contributed to a better understanding of whose responsibility it was to maintain the sidewalk.
The directives published by the DOTD revealed that in February 1986 the DOTD published a new directive having the purpose of establishing a uniform policy and procedure for the construction and maintenance of sidewalks within the State highway rights-of-way. Recognizing its responsibility for such sidewalks, the DOTD announced the inauguration of a permit system for new construction “to control and severely restrict the construction of sidewalks.” The new system provided that sidewalks in State highway rights-of-way could only be allowed when constructed under an approved permit. Nevertheless, the directive specifically recognized the DOTD’s responsibility for maintenance of existing highways and that its duty applied to sidewalks within highway rights-of-way, owned, controlled, or constructed by the DOTD, that run parallel to a public highway.
The responsibility of the DOTD to maintain public highways is explained by La.R.S. 48:193 to include the obligation to maintain “all municipal roads or streets which form a continuation of one of said highways” where they pass through municipalities. The term “highway” is defined by La.R.S. 48:1(11) as “a public way for vehicular, mounted, and pedestrian traffic, including the entire area dedicated thereto and the bridges, culverts, structures, appurtenances, and features necessary to or associated with its purposes.” The State has a non-delegable duty to maintain highways in a safe condition. Guillotte v. Dept. of Transp. & Development, 503 So.2d 618 (La.App. 4 Cir.1987); Smith v. Zimmer, 553 So.2d 919 (La.App. 4 Cir. 1989).
There was no evidence of any joint services agreement, or other agreement, permit, or writing between the DOTD and the City of Opelousas regarding the maintenance of this sidewalk. Mr. Hunt testified that three times in the last 25 years the city had repaired a sidewalk at the specific request of either the mayor or a councilman. Mr. Deranger did not personally believe that the DOTD had any responsibility for maintenance, but his opinion was belied by the DOTD directives. In short, there was no evidence that the statutory responsibility of the DOTD for the maintenance of the streets and sidewalks built by *936 the State ever somehow shifted from the State to the City of Opelousas.
The trial judge properly concluded that there was no evidence at all on which the jury could find that the City of Opelousas had any legal responsibility for the maintenance of the sidewalk. Finding a total paucity of evidence on which to found such responsibility, the trial judge elected not to submit to the jury an interrogatory regarding the City’s involvement. This ruling was eminently correct under the circumstances of this case.
For the reasons assigned, the judgment is affirmed at appellant’s costs.
AFFIRMED.