# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## CA 10-1107


**ENOLA WILTZ, ET UX.**

**VERSUS**

**ABC INSURANCE COMPANY, ET AL.**


**\*\*\*\*\*\*\*\*\*\***


APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF ST. MARTIN, NO. 70305
HONORABLE KEITH RAYNE JULES COMEAUX, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***


**BILLY HOWARD EZELL**
**JUDGE**

**\*\*\*\*\*\*\*\*\*\***


Court composed of Sylvia R. Cooks, Billy Howard Ezell, and Shannon J. Gremillion, Judges.

**AFFIRMED.**


**James L. Pate**
**Sara Rodrigue**
**Laborde & Neuner**
**P.O. Box 52828**
**Lafayette, LA 70505-2828**
**(337) 237-7000**
**Counsel for Defendants/Appellees:**
**City of Breaux Bridge**
**Illinois Union Insurance Company**

**James Harvey Domengeaux**
**Domengeaux, Wright, Roy & Edwards**
**P. O. Box 3668**
**Lafayette, LA 70502-3668**
**(337) 233-3033**
**Counsel for Plaintiffs/Appellants:**
**Enola Wiltz**
**Wallace Wiltz**

**EZELL, JUDGE.**

Enola Wiltz and her husband Wallace filed suit against the City of Breaux Bridge and its insurer for injuries she sustained when she stumbled over a one-fourth to one-half inch beveled crack in the sidewalk as she was walking toward City Hall. The trial court found that there was no unreasonably dangerous condition in the sidewalk and that there was no evidence to demonstrate that the City had knowledge about the crack in the sidewalk. The Wiltzes appealed.

## FACTS

On June 13, 2005, Mr. and Mrs. Wiltz brought their son Hubert to City Hall so he could renew his driver's license. He had not been driving due to a surgical procedure. They arrived before 8:00 a.m. Mr. Wiltz parked on the side next to the main entrance. The door was not open, so Mrs. Wiltz and Hubert walked around to another entrance near the police station. Meanwhile, Mr. Wiltz went to get the car to move closer to the police station entrance.

Hubert was walking behind his mother on the sidewalk when she stumbled but did not fall. She stopped walking and told Hubert that she had hurt her back and leg when she stumbled. They noticed the crack in the sidewalk which they claim caused sixty-seven-year-old Mrs. Wiltz to stumble. As a result of this incident, Mrs. Wiltz has incurred medical bills in the amount of $95,095.61.

The Wiltzes filed suit against the City and its insurer, Illinois Union Insurance Company. A bench trial was held on December 4, 2009. The trial court took the matter under advisement and issued written reasons for ruling on January 13, 2010. The trial court ruled that "[p]laintiff did not submit sufficient evidence to demonstrate that the crack in the sidewalk created an unreasonable risk of harm." The trial court further found that "there was no evidence to demonstrate that the City knew or should

1

have known about the crack in the sidewalk."

The Wiltzes appealed, claiming that the trial court was clearly wrong in failing to find that "a beveled cracked sidewalk, covered and disguised by grass growth on a major sidewalk leading <u>directly</u> into the main organ of commerce for the City causing plaintiff's accident and injuries did not create an unreasonable risk of harm."

**DISCUSSION**

Whether the beveled crack in the sidewalk presented an unreasonable risk of harm is subject to the manifest error standard of review. *Biagas v. City of Eunice*, 98-108 (La.App. 3 Cir. 10/21/98), 721 So.2d 491, *writ denied*, 98-2886 (La. 1/15/99), 736 So.2d 209. Therefore, after reviewing the record, we must find that there is no factual basis for the trial court's ruling and that the finding was clearly wrong. *Id*. The issue is whether the trial court's conclusion was reasonable. *Id.*

Louisiana Revised Statutes 9:2800 provides for the liability of public entities caused by the condition of things within its care and custody. The Wiltzes had to prove that (1) the City owned or had custody of the sidewalk that caused the damage; (2) the sidewalk was defective in that it created an unreasonable risk of harm to others; (3) the City had actual or constructive knowledge of the defect or unreasonable risk of harm and failed to take corrective action within a reasonable time; and, (4) Mrs. Wiltz's injuries were caused by the defect. *Pryor v. Iberia Parish Sch. Bd.*, 10-23 (La.App. 3 Cir. 6/16/10), 42 So.3d 1015.

"Under these provisions, the City, as the owner of a public right of use over the sidewalk, has the duty to ensure the public's use and possession of the sidewalk." *Graham v. City of Shreveport*, 44,994, p. 4 (La.App. 2 Cir. 1/27/10), 31 So.3d 526, 530, *writ denied*, 10-440 (La. 4/30/10), 34 So.3d 294.

> [A] municipality is not an insurer of the safety of pedestrians. It must keep the sidewalks reasonable safe, but the maintaining of them in

2

> perfect condition is not necessary.  To render it liable in damages the defect complained of must be dangerous or calculated to cause injury.
>
> For determining what is a dangerous defect in sidewalk . . . there is no fixed rule;  the facts and surrounding circumstances of each particular case control.  The test usually applied, however, requires an answer to the question of whether or not the walk was maintained in a reasonable (sic) safe condition for persons exercising ordinary care and prudence.

*Boyle v. Bd. of Sup'rs, Louisiana State Univ.*, 96-1158, p. 4 (La. 1/14/97), 685 So.2d 1080, 1082 (quoting *White v. City of Alexandria*, 216 La. 308, 314-15, 43 So.2d 618, 620 (1949)).

In determining whether a thing creates an unreasonable risk of harm, all relevant moral, economic, and social considerations must be weighed.  *Boyle*, 685 So.2d 1080.

In *Boyle*, the supreme court found that a one-half inch to over one inch crack which was located in a high traffic area did not present an unreasonable danger.  In *Biagas*, 721 So.2d 491, this court found that a one to one-and-a-half inch "lip" did not present an unreasonable risk of harm.

The Wiltzes argue that the one-fourth to one-half inch crack in the present case presented an unreasonable risk of harm because it was significantly covered with grass in a highly-traveled area.  The Wiltzes also argue that the trial court incorrectly found that the City's sidewalks are inspected on a regular basis.

Jack Delhomme, mayor of the City, testified that he was told about the accident when he got to work that morning.  He had not had any complaints about the sidewalk before the accident and was not aware of any accidents before Mrs. Wiltz's incident.  After the accident, he contacted the director of public works, who smoothed out the crack and filled it in.  Mr. Delhomme further testified that the City does not employee anyone specifically to check sidewalks.

3

Rita George, an assistant city clerk who has worked for the City for thirty-three years, testified that she had not heard of anyone complain about cracks in the sidewalk.

Pictures of the crack were taken on the day of the incident and were introduced into evidence. There is some type of weed growing out of the middle of the crack, but the edges of the crack are visible.

We cannot say the trial court committed manifest error in concluding that this crack was not unreasonably dangerous. Pictures indicate that the weeds only covered a small part of the crack. Furthermore, weeds growing in the middle of a sidewalk is an indication in itself that there is an open area in that part of the sidewalk. There was no testimony whatsoever that anyone had complained about this crack in the sidewalk. As soon as the City was notified of this incident, it immediately repaired the crack.

For the foregoing reasons, the judgment of the trial court is affirmed. All costs of this appeal are assessed against Enola and Wallace Wiltz.

**AFFIRMED.**

4