ROLAND L. BELSOME, Judge.
11 This case involves an accident that occurred while the plaintiff, Thomas Andrew Flenner, Jr., was cleaning the catch basin or storm drain located in front of his home. The plaintiff stepped into a large hole located directly behind the catch basin and sustained injuries. The trial court rendered a judgment in favor of the defendant, the Sewerage and Water Board (S & WB), finding that it was not liable for the plaintiffs injuries. We affirm.

STATEMENT OF FACTS AND PROCEDURAL HISTORY

On August 11, 2001, the plaintiff, while cleaning leaves and debris from the catch basin, fell into a concealed hole immediately adjacent to the catch basin and sustained injuries. When the plaintiff stepped behind the catch basin to place *663 some debris in the trash, his entire right leg fell through the hole.
The plaintiff immediately called the S & WB to report the issue. After the S & WB inspected the hole, it was determined that there was a crack in the seal surrounding a four-inch stub located underground, near the rear of the catch basin. As a result, the soil surrounding the rear of the basin was escaping and washing out to the main drain line. The S & WB commonly refers to this as a “cave-in.” | ^According to the plaintiffs testimony the hole was five to six feet deep and three to four feet in circumference but obscured from detection by grass.
The plaintiff filed suit[1] and a bench trial commenced. After post-trial memoranda were submitted, the trial court rendered a judgment in favor of the defendant, dismissing the plaintiffs lawsuit with prejudice. The trial court found that the catch basin was not the responsibility of or in the control of the defendant. Therefore, it was under no legal duty to maintain the basin.
This appeal follows.

STANDARD OF REVIEW

“A factual finding cannot be set aside unless the appellate court finds that it is manifestly erroneous or clearly wrong.” London Towne Condo. Homeowner’s Ass’n v. London Towne Co., 06-401, p. 4 (La.10/17/06), 939 So.2d 1227, 1231 (citing Smith v. Louisiana Dept. of Corrections, 93-1305 (La.2/28/94), 633 So.2d 129, 132; Stobart v. State through Dept. of Transp. and Development, 617 So.2d 880, 882 (La.1993); Rosell v. ESCO, 549 So.2d 840, 844 (La.1989)). Appellate courts should not re-weigh the evidence or substitute its own factual findings. Id.; Pinsonneault v. Merchants & Farmers Bank & Trust Co., 01-2217, p. 11 (La.4/3/02), 816 So.2d 270, 279 (citation omitted). Likewise, “[w]here there are two permissible views of the evidence, the fact finder’s choice between them cannot be manifestly erroneous or clearly wrong.” Id.

DISCUSSION

On appeal, the plaintiff contends that the trial court erred in finding that he failed to prove the material elements under negligence and strict liability theories.
lsUnder either negligence or strict liability, for a plaintiff to succeed in an action against a public entity based on the condition of property for which it allegedly had responsibility, the plaintiff must show that (1) the property causing the damage was in the custody of the public entity; (2) the property was defective due to a condition that created an unreasonable risk of harm; (3) the public entity had actual or constructive knowledge of the risk; and (4) the defect was a cause-in-fact of the plaintiffs injury. Toston v. Pardon, 03-1747, p. 10 (La.4/23/04), 874 So.2d 791, 798-99 (citation omitted). To recover, the plaintiff bears the burden of proving these elements in the affirmative, and the failure of any one is fatal to the case. Dupree v. City of New Orleans, 99-3651, p. 6 (La.8/31/00), 765 So.2d 1002, 1008; Palermo v. Port of New Orleans, 04-1804, p. 11 (La.App. 4 Cir. 1/19/07), 951 So.2d 425, 434.
A person who has custody or garde of a thing is he who has the legal duty to prevent its vice or defect from harming another. King v. Louviere, 543 So.2d 1327, 1328 (La.1989). It is well-settled law in Louisiana that liability under La. C.C. *664 art. 2817[2] is based upon the relationship, 1.e., supervision and control, between the person with custody and the thing posing an unreasonable risk of harm to others. Liability is imposed based on custody or garde, not just ownership. Thumfart v. Lombard, 613 So.2d 286, 290 (La.App. 4 Cir.1993). The fault of the custodian is based upon his failure to prevent the thing under his garde from causing an unreasonable risk of injury to others. Entrevia v. Hood, 427 So.2d 1146, 1149 (La.1983).
|4The loss resulting from the creation of the risk falls upon the person to whom society allots its garde. The rationale is the custodian is in a better position than the innocent victim to detect, evaluate, and take steps to eliminate an unreasonable risk of harm which arises from the thing. Dupree, 99-3651 at 7, 765 So.2d 1002, 1009 (citations omitted). Because Article 2317 imposes liability upon persons for things in their custody or garde, “a principle much broader than ownership,” it is clear that more than one party may have custody or garde of a thing under Article 2317, determined by an examination of the parties’ actions and relationships to the thing causing the injury. Id. (citations omitted).
In this case, the primary issues before this Court pertains to custody and knowledge.
Determining who has the custody or garde of the thing is a fact driven determination. Doughty v. Insured Lloyds Ins. Co., 576 So.2d 461, 464 (La.1991). In attempting to define a test for determining who has custody or garde of a thing, the Supreme Court has set forth several general principles to assist the trier-of-fact. To determine whether a thing is in one’s custody or garde, courts should consider (1) whether the person bears such a relationship as to have the right of direction and control over the thing; and (2) what, if any, kind of benefit the person derives from the thing. Dupree, 765 So.2d at 1009 (citations omitted).
At trial, the defendant provided testimony that the catch basin was under the sole control of the City. Rudy August, Chief of Networks of the S & WB, and Marvin Thompson, Principal Civil Engineer of the CNO, testified that there was an agreement between the CNO and the defendant. The defendant was responsible for drain lines thirty six inches in diameter and larger and the CNO was responsible for drain lines under thirty-six inches.
|fiThe deposition of Wilson Blake,[3] which was entered into evidence at trial, reflects that he conducted an investigation and determined that the catch basin and the four-inch stub was the responsibility of the CNO. Documents introduced into evidence reflect that the defendant referred the issue to the CNO. The CNO responded with a request and authorization that the defendant perform the work at the CNO’s cost. Mr. Blake’s testimony also revealed that it would not clean or perform any work on the CNO’s catch basins without a direct order. He further explained that had the investigation revealed that *665 the issue was the responsibility of the defendant, the repairs would have taken place immediately.
Based on the record before this Court, we cannot find that the trial court was manifestly erroneous or clearly wrong in its determination that the cave-in was not in the control of the defendant.
 On further review, we also find that the plaintiff failed to establish that the defendant had constructive notice of the defect. Constructive notice is the existence of facts which imply actual knowledge. Leblanc v. City of New Orleans, 573 So.2d 1274, 1276 (La.App. 4 Cir.1991) (citing La. R.S. 9:2800). To establish constructive notice, plaintiff must prove that the defect causing the injury existed over a sufficient length of time to establish that reasonable diligence would have led to its discovery and repair. Id.; Smithwick v. City of Farmerville, 45,362, p. 4 (La.App. 2 Cir. 6/23/10), 42 So.3d 1039, 1042, writ denied, 10-2013 (La.11/12/10), 49 So.3d 888 (citations omitted).
|RThe record does not give any indication as to how long the seal around the stub had been cracked. There was no testimony regarding the size of the crack or the time-period it took to create the cave-in. The plaintiffs only reference to support a finding of constructive notice is from the deposition of Raymond Frischhertz, which was admitted into evidence at trial. Mr. Frischhertz, who did not inspect the catch basin at issue, stated that rain water eroded soil around the catch basin. However, he could not answer over what period of time. Specifically, when asked over what period of time the erosion occurred, his response was “Oh, that’s God’s answer.” No other witnesses presented gave an answer with respect to the period of time.
Constructive notice is another element that the plaintiff must prove to establish liability on the part of the defendant. Absent proof that the defect existed for a long period of time and the defendant failed to remedy it, the plaintiff cannot establish constructive notice. Jackson v. Sewerage and Water Board of New Orleans, 501 So.2d 826 (La.App. 4 Cir.1986). This finding further supports the trial court’s determination that the defendant was not liable to the plaintiff for his injuries.[4]
For the reasons discussed, we find no error in the trial court’s judgment.
Accordingly, the matter is affirmed.

. Both the S & WB and the City of New Orleans (CNO) were originally named in the lawsuit. However, a settlement was reached between the plaintiff and the CNO, and the trial court signed a consent judgment releasing the CNO from the suit.

. La. C.C. art. 2317 states in pertinent part: “We are responsible, not only for the damage occasioned by our own act, but for that which is caused by the act of persons for whom we are answerable, or of the things which we have in our custody.”

. Wilson Blake, a S & WB employee, inspected the cave-in. His deposition was admitted into evidence at trial. He testified that tree roots or vibrations from large trucks can disturb the pipes and cause the ground to subside around it. However, he could not remember whether he observed any tree roots at the scene. He did not give any testimony as to the cause of the crack in the seal relative to the catch basin at issue in this case.

. Other cases have similarly found no liability where the plaintiffs have failed to show how long the defect had existed. See LeBlanc, supra; Baker v. Sewerage and Water Board of New Orleans, 466 So.2d 720 (La.App. 4 Cir. 1985).