755 So.2d 894 (1999)
Jean P. GUERRA
v.
Theresa G. WHITE, et al.
No. 97-CA-2391.
Court of Appeal of Louisiana, Fourth Circuit.
June 16, 1999.
Rehearing Denied September 30, 1999.
Gregory S. Duhy, Chalmetta, LA, Counsel for Plaintiff/Appellee.
Richard P. Ieyoub, Attorney General, Gregory G. De'Angelo, Metairie, LA, Counsel for Defendant/Appellant.
Court composed of Judge ROBERT J. KLEES, Judge STEVEN R. PLOTKIN, Judge CHARLES R. JONES, Judge JAMES F. McKAY, III, and Judge DENNIS R. BAGNERIS, Sr.
*895 BAGNERIS, Judge.
Jean P. Guerra was injured when an automobile driven by Theresa G. White struck her while she was walking down Louisiana Highway 624 in Ysclosky, Louisiana, in St. Bernard Parish. Guerra filed suit for damages against Theresa P. White, the driver of the automobile that struck her, Edward Cureau and his insurer, State Farm, the owner of the Boat Shed which she alleged encroached onto the highway, and the State of Louisiana, through the Department of Transportation and Development (hereinafter referred to as DOTD).
DOTD filed a Motion for Summary Judgment requesting the trial court to dismiss the plaintiff's case against DOTD as a matter of law, the motion was denied. DOTD reasserted its grounds for summary judgment in its Motion for Judgment of Involuntary Dismissal, which was denied. During the bench trial, the plaintiff dismissed the Parish of St. Bernard, Theresa P.White, and Edward Cureau and his insurer, State Farm. The trial court entered judgment in favor of the plaintiff and apportioned fault for the plaintiff's damages as follows: DOTD-25%, Guerra-25%, White-30% and Cureau-10%. The plaintiff was awarded $400,000, for physical, mental pain and suffering; $60,000 for past medical costs and future medical expenses; and $10,000 for lost wages and earning capacity.
On appeal, DOTD specifies as error: (1) the trial erred in the denial of the Motion for Summary Judgment and its Motion for Involuntary Dismissal; (2) the trial court erred in its factual findings as it relates to DOTD's liability for the plaintiff's injury; (3) the trial court erred in its application of the law as it relates to DOTD's liability for the plaintiff's injury; (4) the trial court erred in its award of damages.

ASSIGNMENT OF ERROR NO. 1
DOTD contends that the trial court erred in its denial of DOTD's Motion for Summary Judgment and Motion for Involuntary Dismissal. We disagree.
Appellate courts review summary judgments de novo, using the same criteria applied by trial courts to determine whether summary judgment is appropriate. Osborne v. Vulcan Foundry, Inc., 699 So.2d 492 (La.App. 4 Cir.1997); Schroeder v. Board of Supervisors of Louisiana State University, 591 So.2d 342, 345 (La.1991).
A summary judgment shall be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any show that there is no genuine issue of material fact, and that the mover is entitled to judgment as a matter of law. LSA-C.C. P. Art. 966(B).
A fact is material if it is essential to a plaintiff's cause of action under the applicable theory of recovery and without which plaintiff could not prevail. Generally, material facts are those that potentially insure or preclude recovery, affect the litigant's ultimate success, or determine the outcome of a legal dispute. Osborne, supra. Despite the presence of undisputed facts, summary judgment will be granted as a matter of law, if the contested facts present no legal issues. Davenport v. Amax Nickel, Inc., 569 So.2d 23,27 (La. App. 4 Cir.1990), writ denied, 572 So.2d 68 (La.1991)
In Dibos v. Bill Watson Ford, Inc., 622 So.2d 677, 680 (La.App. 4 Cir.1993), this court held:
To satisfy his burden, the party moving for the summary judgment must meet a strict standard by showing that it is quite clear as to what the truth is, and that excludes any real doubt as to the existence of material fact. Vermillion[Vermilion] Corp. v. Vaughn, 397 So.2d 490 (La.1981).
All evidence and inferences drawn from the evidence must be construed in the light most favorable to the party opposing the motion. Carr v. City of New Orleans, 622 *896 So.2d 819, 822 (La.App. 4 Cir.1993) writ denied, 629 So.2d 404 (La.1993).
In the instant case, the pleadings, depositions, and answers to interrogatories show that there were genuine issues of material fact. Therefore, we find this assignment of error is without merit.

ASSIGNMENTS OF ERROR NO. 2 AND NO. 3
In DOTD's second assignment of error it contends that the trial court erred in its factual finding as it related to DOTD's liability for plaintiffs injury. DOTD's third assignment of error is its contention that the trial court in its application of the law as it relates to DOTD's liability for the plaintiffs damages. We agree.
In the instant case, the trial court made the following factual findings and conclusions; (1) the plaintiff was forced to walk on the wrong side of the road because of the presence of unleashed dogs; (2) the presence of erosion holes on the shoulder of highway; (3) the erosion holes were within DOTD's right of way; (4) the erosion holes posed an imminent danger to the plaintiff and was a cause in fact of the accident; (5) the presence of the boat shed encroached onto the shoulder of the highway and was a cause in fact of the accident; (6) Ms. White's car did not run off of the road, nor did the plaintiff walk in to the path of the automobile. For the following reasons we conclude that the trial judge erred in these factual findings and conclusions and reverse the allocation of fault to DOTD.

DOTD and the EROSION HOLES
Jean Guerra contends that DOTD's fault is premised on the erosion holes on the shoulder of the highway and DOTD's failure to maintain the shoulder and repair the shoulder. The trial court's reasons indicate that DOTD's fault is predicated on the fact that the erosion holes were in close proximity to the highway and were within an implied right of way in favor of DOTD. Further, the trial court concluded that the erosion holes narrowed the walking area forcing the plaintiff to walk nearer the highway. The trial court reasoned that DOTD contributed to the accident by its failure to repair the erosion holes on the shoulder of the highway, which created an imminent danger to the pedestrian plaintiff.
In order to determine DOTD's responsibility or liability requires the application of the duty risk analysis set forth in Dixie Drive It Yourself System v. American Beverage Co., 242 La. 471, 137 So.2d 298 (1962), and Hill v. Lundin & Associates, 260 La. 542, 256 So.2d 620 (1972).
The "cause in fact" analysis is primarily a "but for" inquiry. "If the victim probably would not have encountered the harm but for the defendant's conduct, the conduct can be considered a "cause in fact"." Boteler v. Rivera, 700 So.2d 913 (La.App. 4 Cir.1997). A counter-factual hypothesis is recommended as a step in determining cause in fact. Robertson, The Common Sense of Cause in Fact, 75 Tex. L.Rev. (1997). That is, assuming that the conduct of the defendant was "corrected", it is probable that the plaintiff would still have sustained the damages complained of. If so then the defendant's substandard conduct was not a cause in fact. Boteler, supra.
In the instant case, after our review of the record we find that the erosion holes were not proved to be a cause in fact of the accident in which the plaintiff sustained her injuries. Plaintiff's expert, Robert Roth, Superintendent of Highway Maintenance for DOTD, testified that the state inspected, maintained and repaired La. Highway 624. Further, he testified that the highway is inspected on a biweekly basis and his office prepared a yearly report. Also, if there were any erosion holes on the shoulder of the highway, the maintenance crew would repair them immediately. He testified that he had no knowledge of erosion holes being a problem in the area of the accident. Roth never concluded or opined that neither the erosion holes existed on the date of the accident *897 nor did he testify regarding the condition of the highway at the time of the accident.
Edward Cureau, the owner of the boat shed, testified that he never experienced any problems with erosion holes around his boat shed. He testified that once there was a hole against the bulkhead of the shed, but the hole did not obstruct anyone from walking perpendicular to the highway. Cureau's testimony was corroborated by Loyce Alonzo, the plaintiff's walking companion on the date of the accident, she testified that nothing obstructed the plaintiff from moving to the right as White's vehicle approached or caused the plaintiff to walk close to the highway.
Although, the plaintiff testified that the erosion holes were present at the time of the accident, we find that the plaintiff failed to prove that erosion holes were a cause in fact of the accident. Also, the plaintiff failed to prove that White's vehicle striking the plaintiff was caused by the erosion holes, or that the erosion holes created an imminent danger. Therefore, we find the allocation of fault as to DOTD is erroneous.

DOTD and the BOAT SHED
The same cause in fact test can be applied to the location of the boat shed. The inquiry is whether with respect to DOTD, the location of the boat shed was a legal cause of the accident. The answer to that inquiry requires a determination of whether the boat shed posed an unreasonable risk of harm, and if so, whether DOTD had a duty to protect against that risk.
The trial court imposed a duty on DOTD, vis a vis the boat shed, and by making a factual and legal conclusion that it was located within DOTD's implied right of way. Further, DOTD had a duty to remove the boat shed or to have the owner remove the boat shed that encroached on the shoulder of the highway. These factual and legal conclusions were predicated on the testimony of Jean Guerra, the plaintiff, and Loyce Alonzo, the plaintiff's walking companion on the date of the accident, and Robert Roth, DOTD's engineer. For the following reason we conclude that the trial judge erred in his factual and legal conclusions.
In the instant case, after our review of the record we find the boat shed was not a cause in fact of the accident. Further, the plaintiff failed to prove the boat shed was a cause in fact of the accident. Furthermore, no evidence was presented that proved the boat shed caused White's vehicle to strike the plaintiff, or created an imminent danger.
Robert Roth, plaintiff's expert witness testified that the boat shed was not within the shoulder of La. Highway 624. Roth testified that the boat shed was approximately four feet from the edge of the highway. Also, he defined the term "shoulder" as the aggregate surface area immediately adjacent to the paved roadway, which is just next to the travel portion of the road. Roth, testified that the area between the boat shed and the edge of the highway was not all of the shoulder. He described that the area where the roadway kind of breaks (sic)over towards the boathouse as the shoulder. He testified that DOTD would not maintain the area between the boat shed and the roadway because the equipment would damage the bulkhead. However, he did testify that if a hole were observed during one of the biweekly inspections, DOTD would have repaired the hole whether it was on the shoulder or not. Roth, testified that these repairs would be made because it was so close to the shoulder that if they grated the shoulder and moored the hole, the shoulder would sloughs off into the hole or would cause a problem with the continuity of the area adjacent to the highway. Therefore, we find that the trial judge manifestly erred in allocating fault to DOTD on the basis of the location of the boat shed.

ASSIGNMENT OF ERROR NO. 4
The Trial Court erred in its award of damages. We pretermit discussion of this *898 assignment because of our dispositions in assignments of error numbers 2 and 3.
DOTD argues that the sole cause of this accident was either the negligence on the part of the driver, Theresa White, or the negligence on the part of Jean Guerra by stepping into the path of White's vehicle. The trial court allocated fault; Jean Guerra-25%; Theresa White-40%; Edward Cureau-10%; and DOTD-25%.
This argument raises the issue of reallocation of fault and requires consideration of the factors set forth in Watson v. State Farm Fire and Casualty Ins. Co., 469 So.2d 967 (La.1985).
Watson provided the following guidelines for the allocation of fault by an appellate court where the trial court's findings are manifestly erroneous in that regard.
The Watson Factors are, (1) Whether the conduct resulted from inadvertence or involved an awareness of the danger, (2) How great a risk was created by the conduct, (3)The significance of what was sought by the conduct, (4) The capacities of the actor, whether superior or inferior, and (5) Any extenuating circumstance which might require the actor to proceed in haste, without proper thought. Id. at 974.
In the instant case, Jean Guerra and Loyce Alonzo gave inconsistent testimony regarding events surrounding the accident. Jean Guerra, testified that she was familiar with the area and she knew of the holes and the location of the boat shed prior to the accident. She testified that they had sufficient room to walk along the highway and had not encountered a hole at the time of the accident. Further, she testified that nothing prevented them from walking on the correct side of the highway. She testified that she did not wander into the highway and White's vehicle did not leave the highway to strike her.
Loyce Alonzo testified that there were no holes or obstacles that caused her or the plaintiff to walk closer to the highway or prevented the two of them from stepping to the right to avoid the vehicle. She testified that she and the plaintiff walked along the highway opposite the boat shed until they reached the Yscloskey Bridge. Upon reaching the bridge they walked along the same side as the boat shed, as they had done on numerous occasions prior to the accident. She testified that they were able to see any obstacles in front of them and nothing in the area surprised them.
Applying the Watson Factors and reviewing the evidence presented, we conclude that the majority of fault is that of the driver of the car, Theresa White. The inattentiveness of both Theresa White and Jean Guerra contributed to this accident. Therefore, we re-apportion the fault previously assigned to DOTD to the driver, Theresa White. Also the fault previously apportioned to Edward Cureau is reapportion to the plaintiff, Jean Guerra. Fault is allocated 65% to Theresa White and 35% to Jean Guerra.
REVERSED IN PART; AMENDED AND AFFIRMED IN PART.
PLOTKIN, J., CONCURS.
JONES, J., CONCURS IN THE RESULT.
McKAY, J., CONCURS IN PART AND DISSENTS IN PART.
KLEES, C.J., DISSENTS.
PLOTKIN, J., concurs.
I respectfully concur in the majority opinion so far as it holds the DOTD not liable. I write separately to address the legal precepts that should be applied in this case. I agree with the final disposition finding the DOTD not liable for Ms. Guerra's accident. In this case, the initial question that should be addressed is whether the DOTD had a duty to Ms. Guerra, a pedestrian, to protect her from the negligence of a careless driver. While the DOTD has a duty to maintain the shoulder of the highway in a reasonably *899 safe condition, I do not believe that if this duty was even breached, it caused Ms. Guerra's accident.
Initially, I note that there was no evidence whatsoever at trial to substantiate the plaintiff's argument that the boat shed was encroaching onto the shoulder, thus adding to the DOTD's fault because it should have been removed. The only evidence regarding this issue was the testimony of Mr. Robert Roth, a supervisor for the DOTD. He stated that the shoulder did not reach the boat shed, and as such, the DOTD never tried to have it removed.
The facts enunciated at trial and through the depositions admitted into evidence establish that the accident occurred in only one of two ways. Either Ms. Guerra was walking in the roadway, or Ms. White's vehicle left the roadway and crossed onto the shoulder, ultimately striking Ms. Guerra. Ms. Guerra has asserted consistently that she was not on the roadway, but rather, was walking within the shoulder. Her walking companion, Ms. Alonza, corroborates this story.
Generally, a plaintiff may proceed against the Department of Transportation and Development under either a theory of negligence or strict liability. However, La. R.S. 9:2800 limits the strict liability of DOTD and other public entities by requiring proof of scienter. Therefore, the burden of proof is the same under either theory when DOTD is the defendant. The plaintiff must show (1) the property that caused the damage was in the custody or control of the DOTD, (2) the property was defective because of a condition that created an unreasonable risk of harm, (3) DOTD had actual or constructive knowledge of the risk and failed to take corrective actions, and (4) causation. Thompson v. State, 97-C-0293 (La.10/31/97), 701 So.2d 952, 955; Bessard v. State, Dept. of Transp. and Development, 94-0589 (La.11/30/94), 645 So.2d 1134, 1136, citing, Sudduth v. State, Dept. of Transp. & Development, 619 So.2d 618 (La.App. 3 Cir. 1993); Fortune v. City of New Orleans, 623 So.2d 701 (La.App. 4 Cir.), writ denied, 629 So.2d 1126 (1993); Boudreaux v. Farmer, 604 So.2d 641 (La.App. 1 Cir.), writ denied, 605 So.2d 1373, 1374 (La. 1992); Nicholes v. St. Helena Parish Police Jury, 604 So.2d 1023 (La.App. 1 Cir.), writ denied, 605 So.2d 1378 (La.1992); Smith v. State, Through Dept. of Public Safety, 620 So.2d 1172 (La.App. 1 Cir. 1992); Valet v. City of Hammond, 577 So.2d 155 (La.App. 1 Cir.1991).
The first element that Ms. Guerra must prove is that the state had a duty with respect to Highway 624 to keep the road and its shoulders in a reasonably safe condition. Lee v. State Through Dept. of Transp. and Development, 97-0350 (La.10/21/97), 701 So.2d 676, 678. In this case, the plaintiff called Mr. Robert Roth to testify. Mr. Roth is a DOTD supervisor for the area where the accident occurred. He established that the DOTD was responsible for the maintenance of the shoulder on Louisiana Highway 624. Thus, the DOTD clearly had a duty to maintain the shoulder in a reasonably safe condition.
Next, a determination must be made regarding whether the DOTD had actual or constructive notice of the alleged erosion holes and whether the DOTD had a reasonable time to remedy any such erosion holes. Mr. Roth estimates that the shoulder at the scene of the accident is approximately two feet wide, which is central to the road surface and the boat shed. Moreover, Mr. Roth testified regarding the maintenance protocol that the DOTD follows. He stated that the DOTD does biweekly inspections of the roadway and adjacent shoulder. Mr. Roth further testified that there were no complaints made regarding erosion holes in this area. He also testified that if erosion holes were discovered during the inspections, they would certainly be corrected. Also, Mr. Cureau, the owner of the boat shed, testified that there was only one erosion hole in the area and it was immediately adjacent to the corner of the boat shed, which was *900 not part of the shoulder. Mr. Roth further testified that if an erosion hole were discovered not within the state's right of way, but within the vicinity, it would be filled by the DOTD even though they had no duty to do so in order to prevent damage to the shoulder. Ms. Guerra testified that she walked along this highway at least three times a week. She stated that the erosion holes were present for as long as she could remember, however, she did not inform the DOTD about the holes. Scott Guerra testified that the DOTD must have or should have known about the erosion holes because he had seen DOTD trucks in the general area in the past. Thus, no conclusive evidence was presented to establish that the DOTD had actual or constructive knowledge of the erosion holes.
However, even if the DOTD had notice of the erosion holes, the next determination must still be made; whether the alleged erosion holes constituted an unreasonable risk of harm to this plaintiff in this particular case. In Oster v. Department of Transp. and Development, State of La., 582 So.2d 1285, 1288 (La.1991), the supreme court stated that the "unreasonable risk of harm criterion entails a myriad of considerations and cannot be applied mechanically."
Ms. Guerra alleges that she was walking within the shoulder of the road when she was struck by Ms. White's vehicle. Thus, any alleged erosion holes that prohibited Ms. Guerra from walking more towards the bayou and further from the road were not an unreasonable risk of harm because Ms. Guerra was still fully capable of walking within the shoulder. Ms. Guerra readily admits that she was able to walk within the shoulder and vehemently denies that she was walking on the road surface. Thus, the shoulder was usable and I cannot say that the presence of the alleged erosion holes created an unreasonable risk of harm. They did not force pedestrians out of the shoulder area and onto the road.
The last element that plaintiff must prove is that the alleged erosion holes caused the accident. Again, Ms. Guerra alleges that she was walking within the shoulder, therefore, Ms. White had to have left the road to strike her. The DOTD cites Shafouk Nor El Din Hamza v. Bourgeois, 493 So.2d 112, 119 (La.App. 5 Cir.), writ denied, 497 So.2d 1013 (La.1986), to support its position that it is not liable to Ms. Guerra if she was walking within the shoulder as she alleges she was. That case states:
While it appears there is some question as to whether Shafouk was on the shoulder or on the paved roadway when struck by Bourgeois' vehicle, his actual location is not a material issue of fact as regards the liability of DOTD. If Shafouk was standing on the shoulder of the road when struck the DOTD would be clearly entitled to be summarily dismissed from the action as a matter of law, for it was under no duty to protect Shafouk from the risk that a negligent driver might leave the roadway and strike him. The DOTD is not responsible for every accident which may occur on the state highways, nor is it a guarantor of the safety of travelers thereon. Craft v. Caldwell Parish Police Jury, 455 So.2d 1226 (La.App. 2nd Cir.1984); U.S.F. & G. Co. v. State, Dept. of Highways, 339 So.2d 780 (La.1976).
Clearly, the DOTD in this case is not responsible for the negligence of Ms. White. The DOTD was under no duty to insure that a car would not leave the paved road surface and strike a pedestrian walking within the shoulder.
For the above reasons, I believe that the DOTD did have a duty to maintain the shoulder but had no actual or constructive knowledge of the presence of any erosion holes. I further believe that even if there were erosion holes and the DOTD was aware of them, they did not create an unreasonable risk of harm because it was possible for pedestrians to still walk within the shoulder. Lastly, I believe that the cause of this accident was Ms. White leaving *901 the road and striking the plaintiff, not the presence of any erosion holes.
McKAY, J., concurs in part and dissents in part.
I agree with the majority that the defendant's first assignment of error is without merit. However, I must respectfully dissent with the majority's opinion that the trial court erred in its factual findings and application of the law related to DOTD's liability for the plaintiff's injuries. I also disagree with the majority's opinion that the trial court erred in its award of damages.
In reviewing the factual findings of a trial court, an appellate court is limited to a determination of manifest error. Arceneaux v. Domingue, 365 So.2d 1330 (La. 1978). Stobart v. State through Dept. of Trans. and Development, 617 So.2d 880 (La.1993). The reviewing court must give great weight to factual conclusions of the trier of fact; where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. The reason for this well-settled principle of review is based not only upon the trial court's better capacity to evaluate live witnesses (as compared to a cold record), but also upon the proper allocation of trial and appellate functions between the respective courts. Virgil v. American Guarantee and Liability Ins. Co., 507 So.2d 825 (La.1987); Canter v. Koehring Co., 283 So.2d 716, 724 (La.1973).
In the instant case, the trial court apportioned 25% of fault to the DOTD. The trial court's judgment was based upon the testimony and evidence presented at trial. Based upon my review of the record, I do not believe that the trial court's judgment was manifestly erroneous or clearly wrong.
The majority opinion does not discuss the issue of damages because it discounts the trier of fact's factual findings and application of the law related to DOTD's liability for plaintiffs injuries. The trial court awarded Ms. Guerra: $400,000.00 for pain and suffering, $60,000.00 for past and future medical costs, and $10,000.00 for lost wages and loss of earning capacity. Ms. Guerra's injuries included broken ribs, broken vertebrae, internal bleeding, lung damage and a severe closed head injury. As our Brethren in the Fifth Circuit have observed, the standard of review for damage awards requires a showing that the trier of fact abused the great discretion accorded in awarding damages. In effect, the award must be so high or so low that it "shocks the conscience." Moore v. Health-care Elmwood, Inc., 582 So.2d 871 (La. App. 5 Cir.1991). Considering the severity of Ms. Guerra's injuries, the trial court's award of damages was not an abuse of discretion.
Based on the foregoing reasons, I would affirm the judgment of the trial court in its entirety.
KLEES, C.J., dissenting.
I dissent for the reasons assigned by Judge McKay.