*342 RANDOLPH, Justice,
Specially Concurring:
¶ 86. I fully concur with the Majority Opinion, but write separately to register respectfully my concern with the separate specially concurring opinion, which, sua sponte, raises an issue not presented for our consideration. See Glover v. Jackson State Univ., 755 So.2d 895, 398 n. 1 (Miss.2000) (“this Court has long held that issues not raised on appeal are proeedurally barred from consideration”); Luther T. Munford, Mississippi Appellate Practice, § 3.7 at 3-24 (2006) (citing Educ. Placement Servs. v. Wilson, 487 So.2d 1316, 1320 (Miss.1986)) (discussing the sound principle of judicial administration that this Court generally will avoid considering issues not first presented to and decided by the trial court). Nor is the opposing party granted an opportunity to present argument in opposition. It shall come as a great surprise if the appellate counsel for Fulgham’s post-conviction-relief motion will not present the issue, having received this instruction on advocacy from such an esteemed jurist as Justice Kitchens. I decline to join in offering such advice, as I fully expect this litigant will appear before this Court again. A jurist should adjudicate, not advocate. In resolving disputes presented for adjudication, we should neither favor, nor offer advice to, an accused or the State.
LAMAR, J, JOINS THIS OPINION.